SHANNON v. SCOTT.

**Appeal:** JUDGMENT: PRACTICE. Where the abstract fails to show that final judgment was rendered, advantage cannot be taken of error occurring upon the trial.

*Appeal from Lee Circuit Court.*

WEDNESDAY, JUNE 16.

ACTION of replevin. Plaintiff appeals.

*W. J. Cochran* and *Sprague & Gibbons*, for appellant.

*Craig & Collier*, for appellee.

MILLER, CH. J.—This is an action of replevin in which the plaintiff claims of the defendant the possession of a certain frame shanty, together with the groceries, fixtures, etc., therein.

Shannon v. Scott.

The possession is claimed under a written bill of sale duly acknowledged and recorded.

The appellant's counsel complains of the action of the court below in giving certain instructions on its own motion and the refusal to give others requested by the plaintiff. In the condition of the abstract before us we cannot examine and decide these questions. The abstract does not show for whom the verdict or judgment were rendered, nor that there was either verdict or judgment given for either party in the case. Appellee does not concede that the judgment or verdict were against appellant, and he therefore urges that we shall not take it for granted. To do so would be to go outside of the record, which we cannot do. If a party complains of erroneous rulings against him in the court below, he must not only show the error affirmatively, but that it resulted to his prejudice. In the present case he cannot be prejudiced by the ruling complained of if there has been no judgment rendered against him in the court below. Indeed the right of appeal is based upon the fact of a judgment having been rendered against appellant, for the rulings complained of are not the subject of appeal, independently of a final judgment or decision in the case. Code, sections 3163, 3164. That there was a final judgment against appellant in the court below is, therefore, indispensible to the right of appeal, and without it we cannot examine into the errors assigned. Our rules require that the abstract must be an "abridgement of the *record in the cause, setting forth so much thereof as is necessary to a full* understanding of all the questions presented to this court for decision." In this case there is a fatal failure in this respect. See Sec. 20 of Rules of Court, 27 Iowa, 573. The appeal must be

DISMISSED.