JENKS v. THE KNOTT'S MEXICAN SILVER MINING COMPANY.

1. **Labor:** ACTION FOR REASONABLE VALUE: USUAL PRICE. The usual and customary price of labor can only be shown by evidence of the price actually paid, at the same time and place, for labor of the same kind, either under express or implied contracts; and an instruction, that proof of what was paid for labor under contracts would not establish the reasonable value of plaintiff's services, was properly refused.

2. **Instruction:** INTELLIGENCE OF WITNESSES: WEIGHT. Where the jury were instructed to weigh the testimony of the several witnesses, an instruction, that they should consider the intelligence and means of information of the witnesses, was unnecessary.

3. **Verdict:** PREJUDICE: PRACTICE. The verdict having been rendered upon the first count of the petition, the defendant could not have been prejudiced by erroneous rulings relating exclusively to the second count, and such errors, if any, will not be considered.

4. **Practice in the Supreme Court:** EXCLUSION OF EVIDENCE. This court will not disturb the judgment on account of the exclusion of evidence, unless it is shown that prejudice resulted thereby; and to show prejudice by the exclusion of evidence, the facts proposed to be proved must appear.

*Appeal from Clarke District Court.*

FRIDAY, JUNE 9.

ACTION at law to recover for labor and services rendered by plaintiff for defendant in prosecuting its mining operations in Mexico. There were a verdict and judgment for plaintiff. Defendant appeals. All the facts of the case necessary for a proper understanding of the points decided, are found in the opinion.

*J. C. Mitchell* and *C. C. McIntire*, for appellant.

*Stuart Brothers*, for appellee.

BECK, J.—I. The plaintiff seeks to recover for sixty-one days' work, and declares therefor in two counts of his petition. In the first count he claims to recover the reasonable value of his labor, which he alleges to be $5 per day. In the second

count he avers that the work was done under a contract providing for compensation at the rate of $5 a day, and asks to recover accordingly.

The answer admits that plaintiff performed for defendant sixty-one days' work at its mines in Mexico, and is entitled to recover reasonable compensation therefor, but denies the contract set up in the second count, and alleges that the reasonable value of the labor is seventy-five cents per day. It avers certain payments, and shows that $2.75 and no more, are due plaintiff, and a tender of that sum and costs is made.

The jury rendered a general verdict in the sum of $262, and specially found that plaintiff worked for defendant in Mexico sixty-one days, and that the reasonable value of the labor is $5 per day. It appears, therefore, that plaintiff is entitled to recover under the special findings, and the admissions of the answer upon the first count of the petition, and we will presume the general verdict was rendered thereon.

II.   The court instructed the jury that the reasonable value of plaintiff's labor " may be shown by the usual and custom-

1. LABOR: action for reasonable value: usual price. ary price paid for the same class or kind of labor," at the time and place, when and where, plaintiff rendered the service for which the action is brought.   This instruction is not complained of as presenting an incorrect rule, but counsel for defendant insist that certain instructions, asked in its behalf upon the same branch of the case, ought to have been given as applicable to the peculiar facts of the case.

There was evidence tending to prove that certain officers of defendant and others, employed at the mines, were paid under special contracts, five dollars per day for their labor. One of the instructions requested on behalf of defendant, is to the effect that proof of such contracts would not establish the reasonable value of plaintiff's labor.   The instruction, we think, was properly refused.   Plaintiff is entitled to recover the " usual and customary price for the same class and kind of labor " performed at the mines.   This is the rule of

the instruction given, and is not doubted by defendant. Now, if so many other workmen engaged in the same kind of labor done by the plaintiff, were paid, under contract, five dollars per day, that it may be said the usual and customary compensation was that price, evidence of such fact would establish the value of plaintiff's services. The usual and customary price of the labor can only be shown by evidence of the wages actually paid, either under express or implied contracts. The defendant, by such payments, fixed the customary price which the law regards as the reasonable value of the labor. The instruction asked, it will be seen, is in conflict with these views.

III. Counsel for defendant think that the instruction given, which is above quoted, is inexplicit, in that it holds the reasonable value of plaintiff's labor *may* be shown by the usual and customary price therefor. It is argued that under this instruction, the jury were authorized to determine the value of the labor upon other evidence than that of the usual price. It surely cannot be claimed that other competent evidence of the reasonable value of the labor, could not have been considered by the jury. Yet this is the real point of counsel's objection to the instruction and the ground of their support of an instruction asked by defendant.

IV. The same instruction offered by defendant, directed the jury, among other things, to consider the intelligence, information and "means of information" of the witnesses of the respective parties, and in case of conflict, to give the greater weight "to those whose information, or means of information, are most ample and full." This part of the instruction could well have been given, but as the jury were directed to weigh the testimony and to consider the reasonableness of the evidence of the several witnesses, we think they could not have failed to give greater weight to the testimony of those shown to possess the greater knowledge, degree of intelligence and information, in relation to the matters about which they testified.

*2. INSTRUCTION: intelligence of witnesses: weight.*

V. Various objections are urged to rulings upon instructions and evidence applicable to the second count of the petition. It becomes unimportant to review this branch of the case. The verdict being, as we have shown, upon the first count, the defendant could have suffered no prejudice from errors in rulings relating exclusively to the second count. The jury having found for plaintiff on the first count, did not, it is to be presumed, enter into an examination of the matters involved in the second count, and all rulings pertaining thereto are eliminated from the case.

*3. VERDICT: prejudice: practice.*

VI. The deposition of a witness was offered by defendant, and plaintiff objected to certain parts thereof. The objection was sustained. This ruling is complained of by defendant. But the questions asked the witness are alone presented in the abstract. No part of the answers is given. In order to determine whether prejudice resulted to defendant by reason of the exclusion of the evidence, the answers, or the facts that they tend to establish, should appear in the record. Unless prejudice be thus shown by the exclusion of the evidence, we cannot disturb the judgment. *Mays v. Deaver,* 1 Iowa, 216; *Speers v. Fortner,* 6 Id., 553; *Thurston v. Cavenor,* 8 Id., 155; *Hanan v. Hale,* 7 Id., 153; *The State v. Keeler,* 28 Id., 551; *I. & M. R. R. Co. v. Perkins,* Id., 281; *Emerick v. Sloan,* 18 Id., 139; *Mosier v. Vincent,* 34 Id., 478.

*4. PRACTICE: exclusion of evidence.*

The judgment of the Circuit Court is

AFFIRMED.