VOTAW & HARTSHORN v. DIEHL, SHERIFF, ET AL.

1. **Bill of Sale:** ABSOLUTE ON FACE—MORTGAGE IN FACT: EVIDENCE Where the title of goods under a bill of sale is involved in an action, it is competent to show that the bill of sale, though absolute in its terms was intended as security for a debt.

2. **Evidence:** ERROR IN EXCLUDING: CORRECTION ON APPEAL: PRACTICE. Where evidence of a conversation was excluded, and the abstract fails to show what facts were sought to be established thereby, this court cannot say that the proposed evidence was material, nor that there was error in excluding it. (Compare head-note 6 below.)

3. **Practice in Supreme Court:** ERRORS MUST BE SHOWN IN RECORD. Rulings complained of in argument, but which do not appear in the record, cannot be reviewed.

4. **Instructions:** REPETITION NOT REQUIRED. There is no error in refusing instructions asked, when the rules of law therein embodied are in substance announced in other instructions given.

5. **Verdict:** EVIDENCE TO SUPPORT: PRACTICE IN SUPREME COURT. This court cannot decide that the trial court erred in refusing to set aside a verdict, in a case where it cannot be said that the jury, in the exercise of their unbiased and intelligent discretion, could not have found as they did.

UPON REHEARING.

6. **Evidence:** ERROR IN EXCLUDING: CORRECTION ON APPEAL: PRACTICE. Where it is apparent upon the face of a question what the evidence sought to be introduced is, and that it is material, this is sufficient to secure a review, on appeal, of the ruling of the court sustaining an objection to the question; but where this is not apparent, then the party seeking to introduce the evidence is required to state what he expects to prove, and thus make its materiality appear of record.

*Appeal from Wright Circuit Court.*

WEDNESDAY, JANUARY 30.

ACTION OF REPLEVIN. There was a judgment upon a verdict for plaintiffs. Defendants appeal. The facts of the case involved in the questions decided appear in the opinion.

*Brown & Carney,* for appellants.

*Chase & Chase,* for appellees.

BECK, J.—I. The plaintiffs allege that they are the absolute and unqualified owners of the property in question, a stock of general merchandise, which was seized by defendants upon certain attachments issued against one H. M. Waite.

The answer shows the attachments upon which the goods were seized—all against Waite, and alleges that plaintiffs' claim upon a pretended sale of the goods, which was made with the purpose of defrauding Waite's creditors on the part of plaintiffs and Waite, as well as of one Patterson, who was connected with the transaction.

The questions in the case upon which there arises any dispute involve the good faith of plaintiffs' purchase of the goods.

There is no controversy about the sale of the goods, their seizure by the plaintiffs upon the attachments, or upon other issues in the case not involving the good faith of the transaction.

We will consider the objections to the judgment in the order of their discussion in the argument of defendants' counsel.

II.   Patterson testified that he bargained for the goods, and, in order to make a payment, borrowed the money of plaintiffs.   To secure them, he caused Waite to execute a bill of sale to plaintiffs.   This was done for the reason that Patterson had not then the possession of the goods.   This evidence, so far as it shows that the bill of sale was intended as a security, was objected to by defendants, on the ground that it tended to contradict the bill of sale, which is absolute in its terms.   We think the objection was correctly overruled.   It is competent to show that a sale, absolute in its terms, is intended as security for a debt.   This is always the case when rights under the sale are brought in question.   The title of the goods under the bill of sale was involved in the action, and its true character should be established in order to determine the rights of the parties affected thereby.

1. BILL of sale: absolute on face—mortgage in fact: evidence.

III.   The witness, Patterson, was asked upon his cross-examination by defendants, to state a conversation he had with one Humphrey, an attorney, who held for collection a claim against Waite.   The court sustained an objection to the question made by plaintiffs. This ruling is complained of by counsel for defendants.   The abstract fails to show the facts sought to be elicited by the question.   To enable us to determine whether the proposed evidence is competent, we should be advised of its character and the facts which defendants claimed would have been established by it.   *Jenks v. Knott's Mexican Silver Mining Co.*, 58 Iowa, 549.

2. EVIDENCE: error in excluding: correction on appeal: practice.

IV.   Plaintiffs objected to evidence given by the witness

Humphrey, of a conversation which he had with the deputy sheriff about the time the goods were seized.

**THE SAME.** The objection was sustained. The record does not disclose the conversation, nor the facts proposed to be established thereby. The ruling cannot be reviewed, for the reasons given in the preceding point.

V. Complaint is made that the circuit court erroneously

**3. PRACTICE in supreme court: errors must be shown in record.** excluded the evidence of one McKay, touching reports he had from commercial men of Waite's financial condition. The abstract does not show the rulings complained of, nor the offer to introduce the evidence of McKay, as claimed in the argument of counsel.

VI. The refusal of the court to give to the jury certain instructions requested by defendants is complained of by de-

**4. INSTRUCTIONS: repetition not required.** fendants. These instructions direct the attention of the jury to facts and circumstances regarded by the law as badges of fraud. They also inform the jury that knowledge of fraud by plaintiffs, or of facts and circumstances casting suspicion upon the transaction, which were sufficient to prompt a prudent man to inquiry that would have resulted in the discovery of fraud, if shown, defeats the sale. The same rules were in substance announced in the instructions given to the jury.

VII. The instructions given to the jury are expressions of the law quite favorable to defendants. We discover no just ground of complaint against them. Their scope and character are indicated by what we have said in the preceding point.

VIII. The evidence sufficiently supports the verdict. While it cannot be doubted that the sale was made under

**5. VERDICT: evidence to support: pratice in supreme court.** very suspicious circumstances, which tended to establish fraud on the part of all concerned, yet it was the peculiar province of the jury to weigh these circumstances with other facts proved. We are not prepared to hold that the jury, in the exercise of their un-

biased and intelligent discretion, could not have found for plaintiffs. This we would be required to do to authorize us to decide that their verdict should have been set aside by the court below.

We have considered all questions discussed by counsel. The judgments of the circuit court must be

AFFIRMED.

OPINION UPON REHEARING.

BECK, J.—I. A rehearing was granted in this case at a former term, and it has again been submitted upon the argument of counsel.

We entertained no doubts upon the questions decided in the foregoing opinion, except those involved in the third and fourth points. Upon a careful reconsideration of the abstract, and the application of the rule recently settled by this court, which controls in determining whether evidence objected to is made to appear with sufficient clearness in order to authorize us to determine its admissibility, we are satisfied all our conclusions are correct. The rule is stated by Mr. Justice SEEVERS in these words: "The true rule, we think, is that, when it is apparent upon the face of the question asked the witness what the evidence sought to be introduced is, and that it is material, this is sufficient; but when this is not apparent, then the party seeking to introduce the evidence is required to state what he expects to prove, and thus make its materiality appear." *Mitchell v. Harcourt, ante,* p. 349.

*6. EVIDENCE: error in excluding: correction on appeal: practice.*

The abstract shows the examination of the witness Patterson, touching the excluded evidence, in the following language. Nothing farther relating thereto is found in the abstract:

"Q. Now, didn't you see Mr. Humphrey on that morning and say to him, 'I have a customer that I think will buy Waite out,' and Humphrey says, 'he won't pay Waite over fifty cents on the dollar, and it won't pay the claims,' and

didn't you say then, 'that is more than Waite will get if his creditors shut down on him?'

"A.   I had a conversation with Humphrey, but that wasn't it in substance.   No, sir.

" Q.   Now state the conversation you did have with him.

"[Objected to as not proper cross-examination, immaterial and incompetent.   Sustained.   Defendants except.]"

What that conversation was, or even what it was about, and whether it related to a matter in issue, cannot be determined, or even inferred, from this quotation from the abstract. Under the foregoing rule, we cannot exercise presumption as to the character and substance of the evidence, and cannot attempt to determine its admissibility.

II.   The evidence referred to in the fourth point of our former opinion is with less certainty and explicit-
THE SAME   ness alluded to in the abstract.   We quote all that is found therein relating to the evidence and the ruling of the court in question:

"After I went to the door of Votaw & Hartshorn's office, and found it locked, and rapped and got no response, I found the deputy sheriff, and directed him to levy on the goods and books, and he carried them out of the building, and I directed him to hold possession of the store and goods, and we commenced to invoice after dinner.

" [Plaintiffs object to and move the court to strike out all that part of the witness? testimony relating to the conversation with the deputy sheriff, because his return is the best evidence of what was done.   Objection sustained and motion granted, and defendants except.] "

What was the conversation here referred to does not appear.   It could not have been the directions to levy, for they do not appear to have been replied to; and a simple direction without a reply cannot be called a conversation.   Neither would a direction neccessarily appear upon the officer's return, and we cannot presume that the court so decided.   It is probable that the conversation may have related to some act that

ought to have been shown by the return. If that was so, the court's ruling was correct, for the return is the best evidence. But we can exercise no presumption as to the fact or substance of the evidence which was excluded. We adhere to the conclusion announced in the foregoing opinion, that the judgment of the circuit court ought to be affirmed.