## SHELLITO v. SAMPSON.

1. **Evidence:** EXCLUSION OF: NO PREJUDICE SHOWN. Where the abstract fails to show what appellant expected to prove by the answer to a question, this court cannot presume that he was prejudiced by the court's refusing to let the witness answer.

2. ———: HEARSAY: PARTNERSHIP. The statements of one partner, made before the dissolution of the partnership, to the effect that the other partner had consented to the rescission of a certain contract, on which the other partner, as the successor to the partnership, was seeking to recover, were mere hearsay, and were properly excluded.

3. **Partnership:** RESCISSION OF CONTRACT BY ONE PARTNER: INSTRUCTION. An instruction to the effect that one partner may not bind the firm by an agreement to rescind a contract, cannot be sustained, where it is not shown by undisputed testimony that the business done under the contract was the whole business of the firm, and that a rescission of the contract would work a practical dissolution of the firm.

*Appeal from Buena Vista Circuit Court.*

WEDNESDAY, APRIL 18.

ACTION to recover for services rendered under a written contract in establishing the business of a creamery. There was a judgment upon a verdict for plaintiff. Defendant appeals.

*Robinson & Milchrist,* for appellant.

*Lot Thomas,* for appellee.

BECK, J.—I. The petition alleges that plaintiff and one Froelich, as co-partners, entered into a contract with defendant to canvas among farmers and secure from them contracts for cream, to be furnished for use at defendant's creamery; that under this contract the plaintiff rendered certain services, and, while in the employment, defendant discharged him, and permitted him to do no more work connected with the business; and that subsequently the co-partnership existing between plaintiff and Froelich was dissolved, and plaintiff acquired by transfer the interest of the other partner in the claim against defendant.

Shellito v. Sampson.

As a special defense it is pleaded by defendant that the contract upon which the action was based was annulled and set aside by an agreement made between defendant and Froelich, acting for the firm.

II.  Froelich was a witness in plaintiff's behalf, and, upon the cross-examination, was asked whether, at a certain time, he did not have a conversation with a person named, wherein he stated that plaintiff had consented to the cancellation of the contract with defendant.  Upon objection by plaintiff, the witness was not permitted to answer the question.  This ruling is the ground of defendant's first objection.

*1. EVIDENCE: exclusion of: no prejudice shown.*

The abstract before us fails to show what plaintiff expected to prove by the answer to the question, or what reply he expected to elicit from the witness.  As no prejudice is shown resulting from the ruling of the court, under a familiar rule, we cannot imagine the testimony that would have been given, and thus presume prejudice.  *Jenks v. Knott's Mexican Silver Mining Co.*, 58 Iowa, 549.

III.  The defendant offered to prove, by a witness introduced in his behalf, that Froelich stated the plaintiff had consented to the rescission of the contract.  This statement was made before the dissolution of the partnership.  The evidence was properly excluded.  Its purpose was to establish plaintiff's assent to the rescission of the contract, by showing that his partner had made statements to that effect.  The evidence is clearly hearsay.  And, besides, the statements of Froelich as to the words or acts of plaintiff would not alone bind plaintiff, if his assent to the rescission of the contract be necessary to its validity.

*2. ——: hearsay: partnership.*

IV.  The court directed the jury that Froelich could not for the firm enter into an agreement with defendant to rescind the contract.  This instruction is supported by plaintiff's counsel upon the consideration that, as the business to be done under the contract constituted all the business of the firm, and the sole pur-

*3. PARTNERSHIP: rescission of contract by one partner.*

pose of its existence, it was not competent for one partner to destroy or terminate the business of the firm, and thus work its practical dissolution. The statement of the conclusion of law here made may possibly be correct. See *Loeb v. Pierpont & Tuttle*, 58 Iowa, 469. But the case does not demand the application of the rule. The fact upon which the proposition is based, namely, that the business of the firm was exclusively confined to the prosecution of business under the contract, is not shown by undisputed testimony, or by admissions of the parties. On the other hand, there was evidence tending to show the contrary. If the rule of the instruction be correct, which we need not now determine, the court erred in affirming the existence of the fact upon which the instruction was based, and in omitting to direct the jury, under proper instructions, to find it, before they should apply the rule to the case. For this error the judgment of the circuit court is

REVERSED.