## KLAMAN v. MALVIN ET AL.

EVIDENCE: INSTRUCTIONS: NO PREJUDICE OR ERROR: JUDGMENT AFFIRMED.

*Appeal from Buchanan Circuit Court.*

SATURDAY, JUNE 16.

ACTION upon two promissory notes. In a trial between plaintiff and defendant, Cloud, there was a judgment upon a verdict for defendant. Plaintiff appeals. The facts of the case appear in the opinion.

*J. M. Brayton, E. C. Perkins,* for appellant.

*Foulke & Lyon, C. B. Kennedy,* for appellee.

BECK, J.—I. The notes in suit purport to have been executed by Phillip S. Malvin, Joseph Malvin, E. T. Malvin, William Malvin, Samuel Malvin, and Marion Cloud. They are payable to the order of plaintiff. As a defense to the action the defendant, Cloud, alleges in his answer, that he signed the notes as surety of the principal maker, Phillip S. Malvin, under an agreement, of which plaintiff had full notice and information, that the signatures of the other makers should be first obtained to the note as principals, and that upon this condition defendant would sign them; that the notes were signed by Phillip S. Malvin, but the signatures of the other makers were forgeries, being written by Phillip S. Malvin in the presence of plaintiff, who had full knowledge that the signatures were not genuine, and that Phillip S. Malvin represented to defendant, in the presence of plaintiff, that the signatures were genuine, and that in order to defraud defendant plaintiff kept silent and gave defendant no information of the forgeries. The issues raised by defendant's answer involved the arrangement between defendant and Phillip S. Malvin, that defendant was to sign the notes as surety on condition they were executed by the other persons, the forgery of their signatures, and the knowledge of plaintiff of the arrangement and of the forgeries, and his concealment thereof from defendant.

II. We will proceed to consider the objection to the judgment presented by the assignment of errors and insisted upon in argument by plaintiff's counsel.

The defendant testified in his own behalf. Upon his cross-examination he was asked if he had heard the other defendants testify that Phillip S. Malvin had the right to sign their names to the notes. Objection was made to the question, which was sustained. The record fails to show what fact plaintiff proposed or expected to prove by the testimony given in response to the question, or that the witness would have testified to any fact of advantage to plaintiff. No prejudice is, therefore, shown to have resulted to plaintiff by the ruling which prevented the answer to the question, and it

cannot be now urged as error. *Jenks v. Knott's Mexican Silver Mining Co.*, 58 Iowa, 549.

III. The instructions given by the court are not assailed in the assignment of errors, but the refusal to give certain instructions is complained of by plaintiff. We will proceed to consider these objections.

The court was asked to instruct the jury that if they found plaintiff received the notes in suit without the knowledge of the forged signatures, the plaintiff is entitled. to recover. The instruction was refused. It had been given in substance, with the addition that if plaintiff had cause to doubt the genuineness of the signature, and knew that defendant relied thereon, and had concealed his knowledge or information from defendant, he could not recover. The correctness of this instruction is not questioned by the assignment of errors. As the instruction now under consideration is covered by this instruction, there was no error in refusing it.

IV. Another instruction asked by plaintiff and refused by the court is to the effect that the agreement between defendant and Phillip S. Malvin, whatever it may have been, would not defeat plaintiff's right to recover, unless he had knowledge thereof. It is not disputed that plaintiff knew defendant signed the note as surety. The court instructed the jury that to defeat plaintiff's right to recover they must find that he had cause to believe defendant signed the notes relying upon their genuineness. If plaintiff knew of the forgery, and knew defendant signed the notes in ignorance thereof, and was induced to sign them by the belief that the signatures preceding his own were genuine, plaintiff ought not to recover, even though there was no agreement shown between defendant and Malvin. The instruction was, therefore, properly refused.

V. Another instruction to the effect that under certain facts stated the plaintiff's son is not to be regarded as his agent, and therefore, he is not chargeable with the knowledge of facts known to the son, was refused. The instructions given are to the effect that plaintiff is chargeable by reason of knowledge possessed by himself, and the jury could not have inferred that plaintiff was chargeable with the knowledge of facts in the possession of the son. There was no error in refusing the instruction now before us.

VI. It is lastly insisted that the verdict lacks support of the evidence, and is in conflict with the law as given to the jury by the court. We think otherwise. There was ample evidence to warrant the jury in finding that plaintiff knew the signatures in question were not genuine. He was present when the names were written by Phillip S. Malvin. He was present, too, when the notes were presented to defendant for his signature, and offered no word of explanation or warning. It is insisted that he could not read, and spoke the English language imperfectly. We think the jury could well find that he was fully informed of all the facts, which they must have found, and that he had opportunity of learning them without reading, and knew enough of our language to fully understand all that was said by the parties during the transaction.

We have considered all questions presented in the assignment of errors and argued by counsel. The judgment of the circuit court must be

AFFIRMED.