WARDER, MITCHELL & GLESSNER V. SCHWARTZ ET AL.

1. **Appeal to Supreme Court:** NO JURISDICTION WHERE NO JUDG-
MENT SHOWN. This court has no jurisdiction to decide questions, even
with the consent of the parties, where the record fails to show that a
judgment was rendered below from which an appeal has been taken.

*Appeal from Clinton Circuit Court.*

THURSDAY, DECEMBER 4.

ACTION at law upon a written order for a harvester and
binding cord. The cause was tried to the court without a
jury, and defendants appeal.

*W. C. Grohe* and *Ellis & McCoy*, for appellants.

*M. Corning* and *A. R. Cotton*, for appellees.

BECK, J.—I. The petition declares upon a written instru-
ment, whereby defendants ordered a Champion harvester,
and undertook to execute their note for the price specified,
upon receipt of the harvester. The instrument also contains
an order for binding cord, the price of which is fixed therein.
The petition alleges the delivery of the harvester and cord
under the order.

II. Defendants in their answer set up as a defense an
understanding and agreement made between the parties,
before or at the time of the execution of the order, that
there should be a trial of the machine in competition with a
harvester made and sold by other manufacturers, and that
defendants should have the right to select the successful
machine, and, if the harvester ordered was not successful in
the contest, the order should not be binding upon defendants,
and the machine might be returned by them.

III. It may be observed that the familiar rule of the law,
which does not permit a written instrument to be varied or

changed by evidence of a prior or contemporaneous parol contract, seems to be an inseparable barrier to defendants' defense.

· IV. But the case is not so presented that we can take cognizance of it. The abstract fails to show that any judgment was rendered in the case. It is not even stated by counsel that there was a judgment in the court below. We cannot, therefore, determine the case. *Pittman v. Pittman*, 56 Iowa, 769. It is true that counsel for plaintiff do not raise the objection that no judgment is shown by the record. But, as the existence of the judgment is a jurisdictional fact, their silence will not supply the omission of the record, and give us jurisdiction. We have no authority to decide questions, even with the consent of the parties, unless there has been a judgment in the court below from which an appeal will lie.

Affirmed.