JONES & DICKEY v. GIVENS *et al.*

**Appeal:** FROM VERDICT WITHOUT JUDGMENT.   This court has no juris-
diction to entertain an appeal from a verdict on which the record
fails to show that a judgment has been entered. (Compare
*Shannon v. Scott*, 40 Iowa, 629.)

*Appeal from Fremont District Court.*—Hon. C. F.
Loofbourow, Judge.

FILED, FEBRUARY 6, 1889.

*W. P. Ferguson*, for appellants.

*James McCabe*, for appellee

GRANGER, J.—The facts of this case are immaterial,
as a defective record necessitates the dismissal of the
appeal.   The cause was tried to a jury, and a verdict
returned.   The record nowhere shows that a judgment
was ever entered.   The Code specifies from what actions
of other courts of record this court has appellate juris-
diction.   Code, secs. 3163, 3164.   No provision is made for
an appeal from the verdict of a jury.   It will be seen by
reference to section 3163 that the question is a jurisdic-
tional one.   The language is:   "The supreme court has
appellate jurisdiction over all judgments and decisions
of all other courts of record," etc.   *Shannon v. Scott*, 40
Iowa, 629, was a case in which the abstract, as in this
case, failed to show a final judgment.   The court used
this language :   "That there was final judgment against
appellant in the court below is therefore indispensable
to the right of appeal, and without it we cannot exam-
ine into the errors assigned."   The record in the case
is brief, and we have examined it with care, and for the
benefit of the parties in interest we will say that we are
agreed that a disposition of the case on the merits would
result in sustaining the action of the court below.   The
appeal is                                           DISMISSED.