Dennis Martin, Appellee, v. John Martin, et al.,
Appellants.

**Appealable judgment:** ABSTRACT. An appeal cannot be taken from
1   an unrecorded judgment, though signed and filed with the clerk,
and the abstract must affirmatively show the entry of an appeal-
able judgment to confer jurisdiction.

**Abstract:** AMENDMENT. An abstract cannot be amended after petition
2   for rehearing has been granted.

*Appeal from Greene District Court.*—Hon. Z. A. Church,
Judge.

Monday, May 9, 1904.

Action at law to recover rent. The defendants inter-
posed many defenses which, in view of our disposition of
the case need not be further noticed. Defendants duly
served notice of appeal to this court on September 20, 1901,
but there is no recitation in the notice as to what the appeal
is from. Ordinarily, this is not necessary, but, as we shall
see, it has some bearing on this case. Appeal *dismissed.*

*J. D. Howard, Shortley & Harpel* and *Carr, Hewitt,
Parker & Wright,* for appellants.

*Rose & Henderson* and *Salinger & Korte,* for appellee.

Deemer, C. J.— The case was tried as in equity be-
cause of the issues tendered by the defendants in their an-
swers and counterclaims. The only reference in the abstract
1. APPEALABLE   to any decree is the following: "On the 12th
JUDGMENT:
abstract.   day of September, 1901, the court made and
filed the following judgment and decree." Then follows the

usual form of a decree, reciting the proceedings in the case, accompanied by the results arrived at, and the final order and decree in the case, all signed " Z. A. Church, Judge." After this is a certificate by the attorneys as to the contents of the abstract, with a statement that a transcript was filed, " within six months of the rendition of said decree." Appellees contend that this does not show the entry of any decree from which an appeal may be taken. This contention seems to be sound. For some purposes a judgment or decree is held to have been made when the decision is announced by the judge or other presiding officer, or when reduced to writing and signed by the judge. See *Coffey v. Gamble,* 117 Iowa 548; *Mentzer v. Davis,* 109 Iowa, 528; *Babcock v. Wolf,* 70 Iowa, 676; *Shenandoah Nat. Bank v. Read,* 86 Iowa, 136; *Guthrie v. Guthrie,* 71 Iowa, 744. But this is not true as to judgments or decrees from which appeals may be taken to this court. The Code contains no provision relating to judgment forms signed by a judge, and they amount to no more than directions for judgment. They may, in some cases, be considered as evidence that a judgment or decree has been ordered, but a judgment or decree is not rendered until entered of record as provided by statute. That no appeal can be taken from a form of decree signed by the trial judge, even though it be filed with the clerk, see *Kennedy v. Bank,* 119 Iowa, 124, and the many cases cited therein. Until judgment forms, signed by the judge, are recorded, they are nothing more than directions to the clerk to enter the judgment in the form in which it is approved. To give this court jurisdiction the abstract must show affirmatively the entry of an appealable judgment. See cases heretofore cited, and *Jones v. Givens,* 77 Iowa, 173; *Shannon v. Scott,* 40 Iowa, 629.

Let us again turn to the abstract and notice the recitations therein. It is stated that the court made and filed the following judgment and decree, and this is signed by Z. A. Church, judge. There is no statement that this judgment

or decree was ever entered of record. Indeed, that thought is distinctly negatived. This so-called judgment and decree signed by the judge was "made and filed by the court." If filed, it could not, of course, be a decree entered upon the records, for it would be quite impossible to file such a decree. Hence the judgment form signed by the judge must have been the one which was filed. The one made by the court was the one which was filed, for the record is that the judgment and decree was the one made and filed, and not some other, which may have been properly entered of record. Ordinarily, we will presume, in the absence of a showing to the contrary, that when the abstract recites the rendition of a judgment or decree it was such an one as is appealable; for there is a broad presumption that the abstract contains the record as it exists in the lower court. But where, as here, the abstract recites just what was done, there is no room for presumption. This abstract affirmatively shows that there was no appealable decree, and in the face of such a showing we cannot presume that it was properly entered of record. The only other reference to a decree is that the transcript was filed within six months of the rendition of said decree. Manifestly, the decree therein referred to is the one previously mentioned; and that, as we have seen, was no decree.

This case is now pending before us on a rehearing. Since the filing of the original opinion, and after the rehearing was granted, appellants have filed an amended ab-

2. ABSTRACTS: stract reciting that the judgment and decree
amendments. referred to in the original abstract was duly entered of record in the cause on September 12, 1901. This is, of course, a practical concession that, according to the original abstract, there was no showing of the entry of the judgment. Appellee has filed a motion to strike this amendment from the files. This motion must be sustained.

Appellants say in their motion for leave to file that, if the statement in the original abstract be held insufficient, the

defect was due to a mere oversight on the part of the attorneys who prepared the abstract. This is rather an ingenious claim of oversight. In other words, unless held insufficient by this court, there was no oversight. That a new record cannot be made for this court after a petition for a rehearing has been granted, see the following among other cases: *Iowa City v. Johnson County,* 99 Iowa, 514; *McDermott v. R. Co.,* 85 Iowa, 180; *Johnson v. Weaver,* 87 Iowa, 75. And that the showing made in excuse for failure to file a proper abstract is insufficient see *Hintrager v. Hennessy,* 46 Iowa, 604; *Nixon v. Downey,* 49 Iowa, 171. The matter to which we have referred is jurisdictional, and there was no necessity for counsel's calling our attention to the matter on the original submission. However, when the case was originally presented, appellee's counsel called our attention to the fact that we were without jurisdiction, but did not specifically point out the alleged defect. This he was not compelled to do.

Finding, as we do, that we have no jurisdiction of the case, the appeal must be and it is *dismissed.*