H. G. PORTER, Appellant, v. JAMES I. MOLES.

**Exclusion of evidence:** PREJUDICIAL ERROR. Before a cause will be reversed on appeal because of the exclusion of evidence it must in some manner be made to appear that the same would have tended to support the contention of the party offering it; and where the question itself does not disclose the nature of the proposed evidence the ruling excluding it is not subject to review.

**Bills and notes:** INDORSERS: PAROL EVIDENCE. Parol evidence tending to vary the liability of a blank indorser of a note so as to render him a guarantor and thus relieve the holder of the duty to make demand and give notice of dishonor is not admissible.

**Same:** DEMAND AND NOTICE OF DISHONOR: WAIVER. Where it appeared that the indorser of a note was notified before its maturity that it was due and unpaid and the holder requested him to take it up, stating that he would hold him liable on his indorsement, and the indorser simply refused payment and told the holder to exhaust the maker's security, that he was not liable and would resist any attempt to collect it from him, with no reference on the part of either to the sufficiency of the notice; *held,* that no waiver of proper notice of dishonor was shown.

**Same:** INSTRUCTIONS. An instruction making the question of waiver of notice of dishonor by an indorser of a note depend on the intent with which the indorser made certain statements to the holder was harmless, where the jury was also told that to war-

rant a verdict the holder must have believed · from such statements that he intended to waive notice, and under the instructions a verdict was returned for defendant.

*Appeal from Linn District Court.*—HON. MILO P. SMITH, Judge. ·

TUESDAY, MAY 9, 1911.

ACTION by plaintiff as holder of a promissory note against the defendant as blank indorser and guarantor thereof. By his answer the defendant put in issue the allegations of the petition as to his liability as guarantor and as to the sufficiency of notice to hold him as indorser, and he also denied the allegation in an amendment to the petition that he had waived demand. and notice. There was a verdict for the defendant, and from judgment on this verdict plaintiff appeals. *Affirmed.*

*Thompson & Son* and *F. L. Anderson,* for appellant.

*Voris & Haas,* for appellee.

McCLAIN, J.—I. There was no issue as to the validity of the note sued upon, nor as to the fact of its indorsement in blank by the defendant, but it was claimed for appellant

1. EXCLUSION OF EVIDENCE: prejudicial error.

that at the time the defendant indorsed the note he also orally guaranteed its payment. There is nothing in the record supporting this contention, and the only error in this respect committed by the trial court, if any, consisted in the sustaining of an objection to a question propounded to plaintiff as a witness on direct examination asking him to state what, if anything, defendant said to him at the time plaintiff acquired the note in controversy "pertaining to the turning over of that note to you and respecting his lia-

bility thereon in the future, if any." Prejudicial error can not be predicated on this ruling of the court for the reason that it does not appear by statement of counsel or otherwise what the testimony of the witness would have been in response to this question. We have no means of knowing that the testimony that counsel was attempting to elicit would tend to show in any degree whatever a guaranty of the note. It is well settled that before a case will be reversed on the ground of exclusion of evidence, it must appear in some way that the evidence, if it had been admitted, would have ·tended to support the contention of the party for whom it was offered. The question itself does not disclose the nature of the testimony proposed to be elicited by it. The ruling is not therefore subject to review. *Jenks v. Knotts Mexican Silver Mining Co.*, 58 Iowa, 549; *Kelleher v. Keokuk*, 60 Iowa, 473; *Shellito v. Sampson*, 61 Iowa, 40; *Mitchell v. Harcourt*, 62 Iowa, 349; *Votaw v. Diehl*, 62 Iowa, 676; *Paddleford v. Cook*, 74 Iowa, 433; *Deere v. Bagley*, 80 Iowa, 197; *Hirschl v. Case Threshing Machine Co.*, 85 Iowa, 451; *In re Will of Trotter*, 117 Iowa, 417.

Moreover, parol evidence tending to vary the liability of a blank indorser so as to make him liable as guarantor and relieve the holder of the obligation to make demand and give notice of dishonor is not admissible. It may be conceded that there are cases decided by this court in which the admissibility of such evidence has, at least by implication, been sustained, but we need not discuss them, for, if there ever was any such rule in this state, it has been abrogated by the adoption of the Negotiable Instrument Act which has brought the law with us into conformity with that previously existing in other states and generally sustained by the weight of authority. Code Supp. 1907, sections 3060-a17, 3060-a63, 3060-a66, and note; *Baumeister v. Kuntz*, 53 Fla. 340 (42 South. 886); *Gibbs v. Guaraglia*,

2. BILLS AND NOTES: indorsers: parol evidence.

75 N. J. Law, 168 (67 Atl. 81); *Mackintosh v. Gibbs,* (N. J.) 74 Atl. 708.

II.   It is conceded that the notice of dishonor given to defendant was premature and of no effect, but it is contended for appellant that at the time such notice was given

3. Same: demand and notice of dishonor: waiver.

defendant by his language and conduct waived further notice. It appears from the record that two days before the note was due, and under an erroneous assumption that that was the day on which notice of dishonor was to be given, the plaintiff gave to defendant a written notice that said note was due and unpaid, and that defendant would be held responsible on account of his indorsement. At this time plaintiff asked defendant to take up the note which was secured by second mortgage on real estate, and defendant told plaintiff that he would not do so, and that plaintiff's only remedy was by exhausting the security. It further appears that on this occasion defendant said to plaintiff, "If you attempt to collect from me, I will fight you in the courts," and that defendant further said, "I won't pay it. I don't consider myself liable, and I will fight it." This evidence was relied upon by plaintiff as tending to show a waiver of proper notice of nonpayment such as was necessary to hold defendant liable as indorser.

In the first place, we doubt whether the evidence even tended to show a waiver. It quite clearly appears that defendant was standing on his legal rights, whatever they might be, and that he had no intention to waive any of them. It does not appear that he admitted that the notice then given to him was sufficient nor indicated that further notice would be unnecessary. As it appears to us, the trial court might well have directed a verdict in defendant's favor on the issue as to waiver of notice.

However this may be, the issue of waiver was submitted to the jury, and there was a verdict for defendant which is conclusive, unless there was error in the instruc-

tions of the court submitting that issue.  The error relied

4. Same:        upon was in stating to the jury with reference
   instructions.     to this issue that a waiver of notice of dis-
honor of a negotiable instrument may be implied from the
declarations or actions of the indorser made with knowl-
edge of the situation and his rights, and that "if before
the date for presentation and demand has arrived the in-
dorser by his acts and declarations intends to give the
holder of the instrument to understand, or with that intent
makes such declarations and statements as would lead him
as a reasonably prudent person to understand that notice of
demand and dishonor need not be given, and the holder of
the instrument, so believing, relies thereon and does not
serve the notice, that will constitute a waiver of the notice
by the indorser," and further that "if you find from a pre-
ponderance of the evidence that . . . the defendant made
statements and declarations to the plaintiff that were of such
a character as to indicate that the former intended the latter
to believe that no notice of the nonpayment of the note when
due need be served on him, and the plaintiff, acting as an
ordinarily prudent man, so believed him, and, being induced
thereby, abstained from serving notice of dishonor on the
defendant after the note became due, . . . which he
otherwise would have done, then such acts and declarations
constitute a waiver of notice by the defendant, and he is
liable on the note sued upon."

The latter of the statements above quoted is subject to
no objection whatever on behalf of plaintiff; but it is con-
tended that the former of these quoted statements is incor-
rect, in that it made the waiver dependent on the intent
with which the defendant made his statements and declara-
tions to the plaintiff, whereas the true question was as to
what plaintiff was reasonably led to believe from defend-
ant's statements.  But, under either statement, belief of the
plaintiff that the intent of the defendant was to waive no-
tice was essential to be found by the jury in order to justify

a verdict in plaintiff's favor, and the absence of such belief or of reliance thereon was sufficient to require a verdict for defendant. .We can not see how the jury could have been misled, and their verdict for defendant necessarily negatives the fact of waiver.

An instruction asked by the plaintiff made the waiver dependent upon the intention on the part of defendant, and the plaintiff can not complain that in the first statement, as above quoted, the court incorporated such intent as an essential part of the finding to sustain a verdict for plaintiff.

It is argued that a waiver may be made without knowledge of the situation, without knowledge of the rights of the party who waives, and without a full appreciation of his acts. This may be true, but the general statement in the instruction as to the nature of the waiver was not so given as to control the specific statements above quoted.

We find no error in the record, and the judgment is *affirmed*.