DUANE CORNING, Appellant, v. GEORGE E. MAYNARD, Appellee.

NEGLIGENCE: Contributory Negligence—Highways—Failure to Give Statutory Signals. The operator of a motor vehicle, who fails, when his view is obstructed, to give the statutory signals

of his presence, if a collision results by reason of such failure, is guilty of contributory negligence. See Section 1571-m18, Code Supplement, 1913.

SALINGER, J., dissents, on the holding that no jury question was presented on the record in question.

APPEAL AND ERROR: Reversal—Nominal Damages Only Involved.
2   On appeal on errors *not pertaining to the amount of recovery*, appellant should see to it that the record shows in some brief manner that more than nominal damages are involved, in order to escape the rule of non-reversal for nominal damages.

*Appeal from Grundy District Court.*—GEORGE W. DUNHAM, Judge.

SATURDAY, MAY 12, 1917.

ACTION for damages for personal injuries alleged to have been sustained in a collision between plaintiff's motorcycle and the defendant's automobile. At the close of plaintiff's evidence, there was a directed verdict for the defendant. The plaintiff appeals.—*Affirmed.*

*Martin & Turnipseed,* for appellant.

*F. E. Northup,* for appellee.

1. NEGLIGENCE:
   contributory
   negligence:
   highways: fail-
   ure to give
   statutory sig-
   nals.

EVANS, J.—The plaintiff, on his motorcycle, was driving east, toward Cedar Falls. The defendant was approaching the plaintiff from the east, and therefore was driving west. They were on opposite sides of the same hill, which was so steep that neither driver could see the other at a greater distance than 100 feet, until one or both of them came to the crest of the hill. They met at the crest, and the collision resulted. The plaintiff did not in fact see the defendant until he was within 60 feet of him, although he might have seen him at the distance of 100 feet, if he had been looking at that very moment. Just before seeing the defendant Maynard's car, the plaintiff

had seen the car of Stahl, who was also driving west and coming up the same hill. When he saw Maynard's car, it was almost abreast of that of Stahl and was passing Stahl. Stahl was driving within 2 feet of the north line of the traveled road. Maynard was passing him on his left, leaving 4 feet of space between them. Plaintiff was traveling on a line 1 foot or less further south than the 4-foot space between the two automobiles. He swerved his motorcycle 1 foot further to the left, and undertook to go between the two automobiles. Maynard turned to the right at the same instant, and the plaintiff collided with Maynard's right fender and wheel. It is claimed for the plaintiff that he was driving at 20 miles an hour. Evidence was introduced tending to show that Maynard was traveling at 35 or 40 miles an hour. Maynard gave no signals of any kind while coming up the hill. Neither did the plaintiff. Indeed, the plaintiff had upon his motorcycle neither bell nor horn nor brake. He relied wholly upon the compression of his engine for stopping purposes, and upon the noise of his cut-out for signals.

Much of the argument is devoted to the proposition of defendant's negligence, and that it was the proximate cause of the accident. The negligence of the defendant may well be taken for granted, and also that it was a proximate cause of the accident. The important question is whether the plaintiff himself was clearly guilty of contributory negligence. That he violated the statute (Section 1571-m18) in failing to give appropriate signals while his view was obstructed beyond the crest of the hill, is indisputable. It seems likewise indisputable that, if either of these parties had given the statutory signal, the accident would have been avoided. In that respect, the duty of one was precisely the same as that of the other. If the failure on the part of the defendant to give a warning signal was a proximate cause of the injury, the same failure on the part of the plaintiff

was a contributing cause. It was also a clear violation of the statute for the plaintiff to operate his motorcycle upon the public highway without the equipment of brake or bell or horn (Section 1571-m17). The violation of this statute sustained a close relation to the circumstances of the accident, in that it rendered it impossible for him to comply with the requirement to give a warning signal.

Whether he was also negligent because he turned to the left instead of to the right, we need not consider. The argument for him at this point is that he was confronted with a sudden emergency of danger, and that if, in such emergency, he failed to do the wisest thing, he was not for that reason necessarily guilty of negligence. If he had been without blame for the emergency which confronted him, there would be something to be said in favor of this line of argument. Even here, however, a careful analysis of his own testimony as a witness is not favorable to him. His testimony in justification of his course is materially self-contradictory. We think there is no escape from the finding of contributory negligence on his part, and that, for that reason, the trial court properly directed the verdict.

2. Motion by appellee to dismiss or affirm was ordered submitted with the case. Our foregoing conclusion renders it unnecessary to pass upon the same. We ought, perhaps, to say that we have strained a point to dispose of the merits of the case, and thereby to save the appellant the expense of a second appeal. It is disclosed by the motion of appellee that no judgment has ever been entered in the case, and that the plaintiff has in effect appealed from the verdict only. Furthermore, the record before us does not show that the plaintiff suffered any injury whatever as a result of the collision. Upon this record, the utmost that he could recover would have been a nominal amount. We have frequently held that we would not reverse a case for the mere

2. APPEAL AND ERROR: reversal: nominal damages only involved.

purpose of allowing appellant to recover a merely nominal sum.

We realize that evidence in fact may have been taken upon the question of injury, and yet may have been omitted from the abstract because no error pertaining thereto was complained of. Even then, there ought to have been a sufficient statement in the abstract to disclose that, in the event of a reversal, the plaintiff was entitled to something more than merely nominal damages. For the reasons indicated in the first division hereof, the order of the trial court is—*Affirmed.*

GAYNOR, C. J., LADD and WEAVER, JJ., concur.

SALINGER, J.—(dissenting). It is not easy to declare categorically when a verdict should be directed. It does not follow that, because the facts are not in dispute, the trial court can say as matter of law who shall prevail. There may be a fair question for the jury upon the deductions to be made from undisputed premises. While I agree that the case of plaintiff is very close to the line, I think all doubt should be resolved against a peremptory direction, and therefore this case should go to the jury.