HARRY H. DEAL, Appellant, v. C. V. MARTEN, Appellee.

No. 41306.

FEBRUARY 16, 1932.

REHEARING DENIED JUNE 24, 1932.

Byers & Hines and Musmaker & Musmaker, for appellant.

Wilson & Kellam, for appellee.

ALBERT, J.—At the threshold of the case we are met with a motion to dismiss this appeal on the ground, among others, that there is no showing in the abstract that the ruling of the court granting a new trial was entered of record in the district court.

In the early history of this court it was well settled that a judgment could not be said to be entered until it was spread upon the record book by the clerk. The authorities on this proposition are gathered in the case of Kennedy v. Citizens National Bank of Knoxville, 119 Iowa 123, and this doctrine is re-affirmed in Martin v. Martin, 125 Iowa 73; In re Estate of Kahl, 210 Iowa 903. In other words, when the appeal is from a judgment or order, it is necessary that the abstract show that the same was spread upon the record of the court by the clerk thereof, and when the abstract does not so show, no jurisdiction attaches in this court. This seems to have been the unbroken decision of this court on this question.

770

However, to avoid the hardship thereof, what is now Section 12885, Code, 1931, was passed. It reads as follows:

"All objections to the jurisdiction of the court to entertain an appeal must be made in written form stating specifically the ground thereof and served upon the appellant or his attorney of record not less than ten days before the date assigned for the submission of the cause."

This statute was passed to avoid the rigor of the former decisions and to give the appellant an opportunity, by way of amendment, to correct the record in a case where, as a matter of fact, such record was duly made in the lower court. The above-quoted section of the statute (known as the Peterson Law) was strictly complied with in the case before us. Objections in writing were filed more than ten days before the date assigned for the submission of the cause, which pointed out specifically that the order overruling the motion for a new trial was not shown to have been entered of record by the clerk of the district court, and no attempt has been made by appellant to remedy this defect in the abstract. It leaves us nothing further to do, therefore, than to say that said motion to dismiss the appeal is sustained.—Appeal dismissed.

WAGNER, C. J., and STEVENS, DE GRAFF, and FAVILLE, JJ., concur.