MARY F. LOTZ, Appellant, v. UNITED FOOD MARKETS, INC., Appellee.

No. 44276.

1398

DECEMBER 30, 1938.

C. A. Robbins, Blanche G. Risher, and Paul G. Risher, for appellant.

Putnam, Putnam, Fillmore & Putnam, and Percival & Wilkinson, for appellee.

DONEGAN, J.—In this action the plaintiff sued to recover for damages alleged to have been sustained by her in falling down a stairway in a store operated by the defendant. On the trial of the case, at the close of the plaintiff's evidence, the defendant filed a motion for a directed verdict in its favor, which contained seven separately numbered grounds. This motion was sustained generally. A motion for new trial, containing five separately numbered grounds, was filed by the plaintiff March 21, 1936, and, on hearing, was overruled on the 13th day of February, 1937. On June 3, 1937, plaintiff filed notice of appeal in the office of the clerk of the district court. We are confronted at the outset with a motion to dismiss this appeal, and this requires that we first direct our attention to certain matters of record.

The notice of appeal stated that the appeal was taken "from the judgment of the court entered in the above-entitled cause dismissing Plaintiff's Petition and from the Ruling and Order of the court instructing the jury to return a verdict in favor of the Defendant, and from the Ruling of the court Overruling Plaintiff's Motion for a New Trial." The first ground of appellee's motion to dismiss is, that the appeal record shows no judgment dismissing plaintiff's petition, nor any other judgment from which an appeal could be taken. Following the filing of the motion to dismiss, the appellant filed an amendment to her abstract, in which she states that the abstract should be amended, by the insertion of the following:

"Which verdict was returned and filed on March 11th, 1936 and thereafter and on February 13th, 1937, The Clerk of said Court in obedience to the provisions of section 11575 of the Code of 1935, entered the following Judgment in the Judgment Docket, one of the records of said Court in said cause #16195, Mary F. Lotz vs. United Food Markets.

"JUDGMENT.

"Judgment rendered ) (Date of Judgt) (Amount)
against ;
MARY F. LOTZ ) (Feby 13th, 1937) (Costs)"

The above is the only judgment or purported judgment that anywhere appears in the appeal record, and appellee contends that this is not a judgment from which an appeal could be taken.

In Kennedy v. Citizens' National Bank, 119 Iowa 123, 93 N. W. 71, the trial court filed a signed order which found plaintiff entitled to the relief demanded; "ordered, adjudged, and decreed that the plaintiff have and recover of the defendant the sum of $42.60," with interest; directed defendant to pay said sum and interest to the clerk within sixty days, "and in default of so doing" the clerk was directed "to enter judgment for same at the expiration of said sixty days." After setting out the contents of the order substantially as above stated, the opinion proceeds to state:

"At some later date (at the end of the sixty day period mentioned in the order, as we understand it) the clerk entered in the judgment docket (not in the record book) an abstract or memorandum as follows: 'S. B. Kennedy vs. Citizens' National Bank. Amt. of judgment, $42.60. Costs, $18.10. Interest, six per cent.' This entry constitutes the only attempt by the clerk to enter any judgment pursuant to the order of the court.

"It has frequently been held that neither the mental conclusion of the judge presiding at a trial, nor the oral announcement of such conclusion, nor his written memorandum entered in his calendar, nor the abstract entered in the judgment docket constitutes a judgment, and a judgment cannot be said to be entered until it is spread by the clerk upon the record book. Case v. Plato, 54 Iowa 64, 6 N. W. 128; Miller v. Wolf, 63 Iowa [233] 237, 18 N. W. 889; Towle v. Leacox, 59 Iowa 42, 12 N. W. 764; Rogers v. Morton, 51 Iowa 709, 2 N. W. 262."

See, also, Shannon v. Scott, 40 Iowa 629; Pittman v. Pittman, 56 Iowa 769, 2 N. W. 536; Warder, Mitchell & Glessner v. Schwartz et al., 65 Iowa 170, 21 N. W. 502; Jones & Dickey v. Givens et al., 77 Iowa 173, 41 N. W. 608; Martin v. Martin, 125 Iowa 73, 99 N. W. 719; Corning v. Maynard, 179 Iowa 1065, 162 N. W. 564; Deal v. Marten, 214 Iowa 769, 240 N. W. 686; Harmon v. Hutchinson Ice Cream Co., 215 Iowa 1238, 247 N. W. 623.

As the appeal record in this case fails to show any judgment of record from which an appeal could be taken, so far as the appeal purports to be from any judgment, it cannot be considered by this court.

Appellee's motion to dismiss also claims that the portion of the appeal which the notice states is "from the ruling and order

of the court instructing the jury to return a verdict in favor of the defendant,'' cannot be considered by this court. The ruling on this motion was made March 11, 1936. The motion for new trial was filed March 21, 1936, and was overruled on February 13, 1937. The notice of appeal was not filed until June 3, 1937. Section 12832, Code of 1935, is as follows:

''12832. * * * Appeals from the district, superior, and municipal courts may be taken to the supreme court at any time within four months except as hereafter provided from the date of the entry of record of the judgment or order appealed from, and not afterwards; but, when a motion for new trial, or in arrest of judgment, or for judgment notwithstanding the verdict has been filed, such time for appeal shall be automatically extended so as to permit the same at any time within sixty days after the entry of the ruling upon such motion.''

▋ Conceding that, because a motion for a new trial was filed, the statute did not require the plaintiff to take her appeal within four months from the entry of the order sustaining defendant's motion for a directed verdict, but allowed her sixty days after the entry of the ruling on the motion for a new trial to perfect her appeal from the order sustaining the motion for a directed verdict, it is apparent that the appeal from that order was not perfected within such sixty day period. So far as the notice of appeal purports to appeal from ''the ruling and order of the court instructing the jury to return a verdict in favor of the defendant,'' such appeal was not timely and cannot be considered by this court.

▋ As to that part of the appeal which the notice states is ''from the ruling of the court overruling plaintiff's motion for new trial,'' the appeal was timely. Where an appeal, however, is merely from an order overruling a motion for new trial, only such questions as were raised by such motion for new trial can be considered on appeal. Mueller Lumber Co. v. McCaffrey, 141 Iowa 730, 118 N. W. 903; Powers v. Des Moines City R. Co., 143 Iowa 427, 121 N. W. 1095; Cox v. American Express Co., 147 Iowa 137, 124 N. W. 202; Pride v. Accident Assn., 207 Iowa 167, 216 N. W. 62, 62 A. L. R. 31; Spaulding v. Miller, 216 Iowa 948, 249 N. W. 642. Indeed, we do not understand that the appellee questions this proposition, but does contend:—first, that the errors alleged and relied on by appellant for reversal have not

been presented to this court in conformity with our rules; and, second, that, even if the alleged errors could be considered, the rulings of the trial court which are alleged to be erroneous would have to be affirmed.

The errors alleged and relied upon by appellant for reversal are, in substance, as follows:—1. That the court erred in directing a verdict for the reason that the proof showed that the appellant was an invitee on the premises. 2. That the court erred in directing a verdict for the reason that, under the proof, the stairway of appellee was a trap and made a question for the jury, even though the plaintiff was a mere licensee. 3. That the court erred in not granting a new trial on account of its error in excluding evidence offered by appellant tending to show a custom of the appellee: 4. That the court erred in not granting a new trial for the reason that it erred in excluding evidence offered by appellant tending to show that the removal of boxes from its premises was a benefit to appellee. Rule 30 of this court, after providing that appellant's brief shall contain a short and clear statement showing certain matters, further states:

"The appellant shall then state his first error relied upon for a reversal, and shall set out so much of the record as refers thereto, together with the ruling of the court thereon; and shall then point out specifically and in concise language, the complaint against the ruling of the court."

█ Alleged errors 1 and 2 are based upon what appellant claims was shown by the proof, but nowhere is any evidence connected with these alleged errors set out or any reference made to the page and line of the abstract where such evidence would be found. Moreover, these alleged errors have to do with the order of the court sustaining appellee's motion for a directed verdict.

█ That motion contained seven separately numbered grounds and was sustained generally, and, before this court could reverse the trial court's ruling thereon, it would be incumbent upon the appellant to show that no one of these seven grounds of the motion was sufficient to support such ruling. As said by this court in Prusiner v. Massachusetts Bonding & Ins. Company, 221 Iowa 572, 576, 265 N. W. 919, 921:

"The error alleged by appellant is on the court's ruling in directing a verdict. The appellee contends in its argument that

if any one of the grounds of the defendant's motion, which was sustained generally, was well taken, that the ruling of the trial court must be sustained. Of course, there is no question about this proposition of law and it is unnecessary to cite authority in support of such rule.''

The appellants failure to comply with the provisions of Rule 30, and its failure to show that none of the grounds of the motion for a directed verdict should have been sustained, precludes the consideration of alleged errors 1 and 2.

The third and fourth errors relied upon by appellant for reversal allege error of the trial court in not granting a new trial, because of the court's erroneous rulings excluding certain evidence. In the third alleged error it is stated that the trial court should have sustained plaintiff's motion for a new trial because, on the trial of the case, it erred in excluding evidence offered to show appellee's custom of giving away boxes, and that the removal of the boxes by appellant was a benefit to appellee, because it saved appellee the expense of hauling surplus boxes away. In the fourth alleged error it is stated that the trial court should have sustained plaintiff's motion for a new trial, because, on the trial of the case, it erred in excluding evidence tending to show that the removal of boxes was a benefit to appellee and that expense of removal of boxes would be incurred if they were not given away and removed by patrons. It is apparent that the third allegation of error includes the error relied on in the fourth allegation of error, and we will consider them together.

Both of these allegations of error allege that the trial court erred in not granting a new trial, and that the error in not granting a new trial was because of the error committed on the trial of the case in excluding the evidence referred to. No reference is made to any ground or grounds of the motion for a new trial which it is alleged the court erred in overruling, and no part of the record is set out showing the evidence offered and the ruling of the court which is claimed was erroneous. It is true that the third allegation of error contains a reference to a page of the abstract, and that what is designated as the argument, under this division of the brief, refers to two separate pages of the abstract; but nowhere is this court's attention otherwise called to the portion of the record which refers to the errors relied on.

1404

■ Even if we waive the provision of Rule 30, which requires the portion of the record referring to the alleged error to be set out, and look to the pages of the abstract to which reference was made, we there find nothing which to our mind sustains the appellant's contention. The accident and injuries to plaintiff happened at defendant's store in Winterset on May 2, 1933. The witness, whose testimony appears at the page of the abstract referred to in the third allegation of error, was the manager of appellee's store at Winterset at the time of the trial, in March, 1936, but his testimony showed that he was not the manager until November, 1934, and that, while he worked in the Winterset store some time prior to May, 1933, he was not there at that time, but was employed at a store in Stuart. This witness was asked what had been the practice of the store about saving empty cartons "before you made this alteration;" "whether or not it was a rule, or custom of the defendant company to use these empty boxes to hold the various purchases made by farmers and sometimes they would give them away for other purposes, and whether or not they sometimes hired somebody to haul the surplus empty boxes from that same room;" and, in what way the company disposed of surplus boxes which accumulated. The objection to the first question was that it was immaterial and not binding on defendant; the objection to the second question was that it was incompetent and not binding on defendant; and the objection to the third question was that it was incompetent and in no manner binding on the defendant; and all of the objections were sustained.

The part of the record referred to affirmatively shows that the witness was not the manager and was not even employed at the Winterset store of the defendant at the time of the accident in question. There was no showing of his competency to testify to the existence of any custom at and before the time of the accident. We find nothing in the record to show what is meant by phrase—"before you made this alteration,"—at the end of the first question, and the time of the practice inquired about is not shown to be at or before the date of the accident. The second question asked the witness referred to "a rule or custom of the defendant to use these empty boxes to hold various purchases made by farmers." This would not tend to show a custom to give the boxes away when not used to hold such purchases. This question also includes the further statement—"and some-

times they would give them away for other purposes, and whether or not they sometimes hired somebody to haul surplus boxes from that room.'' Proof of what was sometimes done with the empty boxes would not be evidence of a custom at the time of the accident. Likewise, the final question, as to in what way the company disposed of the surplus boxes, does not refer to any particular time and does not indicate that the answer would show a custom at the time of the accident. No statement was made by appellant's counsel as to the purpose for which he proposed to introduce the evidence asked for in the questions, and no offer was made by him to show any such custom as that for which he now contends this evidence should have been admitted. In view of this state of the record, we cannot find that the trial court erred in sustaining the objections made. Jenks v. Knott's Mexican Silver Mining Co., 58 Iowa 549, 12 N. W. 588; Gronan v. Kukkuck, 59 Iowa 18, 12 N. W. 748; Shellito v. Sampson, 61 Iowa 40, 15 N. W. 572.

Certain pages of the abstract referred to in the purported argument in support of the third allegation of error contain the testimony of the appellant herself. Neither in these pages of the abstract nor in any other part of the appellant's evidence do we find anything which has reference to the exclusion of evidence tending to show a custom in connection with the disposition of the empty boxes and cartons of appellee. Moreover, the third division of the appellant's brief, in which the third alleged error is set out, contains no brief of authorities whatever, and in the fourth division of the appellant's brief and argument, which contains the fourth allegation of error relied upon for reversal, the authorities cited have reference to the duty imposed on the appellee to keep the premises safe for invitees. What is denominated ''argument,'' in both the third and fourth divisions of the brief, contain no argument whatever in regard to the alleged error of the trial court in excluding the evidence in regard to custom of the appellee in disposing of the boxes and cartons, or in regard to the benefits conferred upon appellee by removing the boxes; but, in both of these divisions, the purported argument is devoted to discussing the question whether or not the appellant was an invitee or a licensee, and the duty owed to invitees and licensees.

Under the well-known rule of this court, that grounds of error alleged and relied upon for reversal, but not argued,

will be deemed to be abandoned, we would feel compelled for this reason, if for no other, to decline to consider the third and fourth errors set out and relied on by the appellant for reversal. Winsor & Son v. Mutual Fire & Tornado Assn., 170 Iowa 521, 153 N. W. 97; Thompson v. Romack, 174 Iowa 155, 156 N. W. 310; Hollgren v. Des Moines City R. Co., 174 Iowa 568, 156 N. W. 690; Miller v. Swartzlender & Holman, 192 Iowa 153, 182 N. W. 651.

For the reasons above stated, the rulings of the trial court appealed from are affirmed.—Affirmed.

SAGER, C. J., and ANDERSON, HAMILTON, RICHARDS, MITCHELL, STIGER, and OLIVER, JJ., concur.