73   633
80   203

## KUHN v. GUSTAFSON.

1. **Fraudulent Conveyance of Goods**: VERDICT: EVIDENCE AND INSTRUCTIONS. The verdict of the jury, that plaintiff's purchase of a stock of goods from her father was *not* in fraud of creditors, *held* sufficiently supported by the evidence, and not against the instructions of the court.

2. ———: SALE BY ONE REFUSING TO PAY DEBTS. The sale of all his property subject to execution by one who refuses to pay his debts is a badge of fraud, but it cannot be said, as matter of law, that a conveyance so made is fraudulent, since it might be made with no fraudulent intent.

3. ———: EVIDENCE OF MOTIVE: AMOUNT OF IMPENDING FINE. Where it was shown that one charged with the fraudulent conveyance of his property had been convicted of a crime two days before the sale, and that he was fined $100 upon such conviction the day after the sale, *held* that an offer to prove that, under the law, the fine might have been $5,000, was properly excluded.

4. **Appeal:** PRACTICE: ERROR NOT CALLED TO ATTENTION OF TRIAL COURT. In the midst of the trial, plaintiff obtained leave to file an amendment, but neglected to file it. Afterwards he offered evidence to support the averments of the proposed amendment, which the court, supposing the amendment to have been filed, admitted against defendant's objection. *Held* that, as defendant failed to call the attention of the court to the fact that the amendment had not been filed, as a reason for rejecting or striking out the evidence, an objection to the evidence on that ground could not be urged for the first time in this court.

5. **Evidence:** APPARENTLY INCOMPETENT: EXCLUSION OF. The exclusion of evidence which is apparently incompetent will not be regarded as error on appeal, unless the party offering it shows, in the trial court, how in his opinion it will become competent and material. (Compare cases cited in opinion.)

*Appeal from Webster District Court*—HON. S. M. WEAVER, Judge.

· WEDNESDAY, DECEMBER 21.

ACTION to recover the value of a stock of goods which the plaintiff claims belonged to her, and which the defendant took possession of as a sheriff under certain writs of attachment as the property of Rody Allen, the plaintiff's father. The defendant pleaded that plaintiff purchased, and that said Allen sold her, the goods for the purpose of defrauding his creditors. Trial by jury, verdict for the plaintiff, and judgment. The defendant appeals.

*Wright & Farrell*, for appellant.

*Dolliver & Moore*, for appellee.

SEEVERS, J.—It is claimed that the verdict is against the weight of the evidence and the instructions of the court, and

1. FRAUDULENT conveyance of goods: verdict: evidence and instructions. also several of the instructions are objected to. We have read the record and argument of counsel, and deem it sufficient to say that we cannot interfere with the verdict on the grounds that it is not supported by the evidence or is against the instructions of the court. The material question submitted to the

jury was whether the sale of the goods was fraudulent. The burden of this issue was on the defendant, and that the evidence tends to show fraud must be conceded; but its sufficiency was a question for the jury, and, at most, it may be said that different minds might reach different conclusions in relation thereto. It is by no means certain that the sale was of a fraudulent character. Counsel concede that the instructions are correct as abstract questions of law; but their contention is that they are not applicable to the facts in this case. In this view we do not concur, but, on the contrary, think they fully, fairly and correctly submit to the jury all controverted questions in the case. We do not deem it necessary to set out the instructions, or do more than, in this general way, indicate our view in relation thereto. An instruction was asked and refused, which, in substance, states that if Allen conveyed all his property liable to execution,

2. ——: sale and did not pay his debts, such sale is fraudulent
by one refus- on his part, and, if the plaintiff had knowledge
ing to pay
debts. of such facts, they must find for the defendant.
This instruction was correctly refused, because the law is otherwise. It has never been held, we think, that a sale of all a person's property, and a refusal to pay his debts, constitutes fraud. That it is a badge of fraud is conceded; but the instruction asked goes much further than this, and omits the element of fraudulent intent.

II. The defendant introduced evidence tending to show that Allen was indicted in January, 1886, in the federal court,

3. ——: evi- for selling intoxicating liquors without having
dence of mo-
tive: amount paid the tax imposed by the laws of the United
of impending
fine. States; and this indictment was pending at the
time the plaintiff purchased the goods. The defendant further proved that, on the day succeeding the sale, Allen was fined $100, and costs, by the federal court. The defendant offered to introduce in evidence the statute of the United States prescribing the penalty for such offense, which may be a fine not exceeding $5,000, nor less than $100. This evi-

dence was objected to, and the objection sustained. Counsel claim the court erred in so holding, because the fact that so large a fine may be imposed has a tendency to show that the sale was made to avoid its payment. But as the defendant introduced evidence showing that Allen was convicted two days before the sale, and that he was fined as above stated afterwards, no possible prejudice could have resulted from the rulings of the court. The jury knew that Allen had been convicted of a crime, and that punishment would follow. Besides this, the statute is the law of the land, which every one is presumed to know. It cannot be regarded as a fact, nor did it tend to prove a fact.

III. When this action was commenced, the plaintiff attached to, and made a part of the petition, a bill of par-
4. APPEAL: practice: error not called to attention of trial court. ticulars of the goods seized by the defendant for which a recovery was asked. During the progress of the trial, it was disclosed that there were other goods taken, and thereupon the plaintiff sought and obtained leave to amend the petition, so as to base a right to recover for the goods last referred to, and introduced evidence to support such claim, which evidence was objected to, but the objection was overruled. This is said to be erroneous, because in fact no such amendment was filed; and it does not affirmatively appear that it was. The ruling of the court was based on the ground that an amendment had been filed, and the trial proceeded accordingly. We are inclined to think that counsel understood that an amendment was filed; but whether this is so or not is immaterial. Counsel knew the ground on which the court made the ruling, and we think they should have called the attention of the court to the fact that the proper amendment was not filed, and therefore asked the court to strike out the evidence; and, as this was not done, the defendant cannot raise the objection that no amended petition was filed for the first time in this court. We desire to say that the verdict was in the nature of a special verdict, and that we are inclined to think the

defendant was in no respect prejudiced by the ruling, con-- ceding it to be erroneous.

IV.　The defendant asked a witness the following question:　"Did you have a conversation with R. Allen, in Fort Dodge, on the 21st day of June, 1886,—the day that R. Allen had his trial in the federal court at Fort Dodge?"　An objection to this question

5. EVIDENCE: apparently incompetent, exclusion of.

was sustained, upon what ground we are not advised.　Appellant claims it was competent and material to show that Allen sold the goods for the purpose of defrauding his creditors, and that it was competent to prove this fact by his declarations made when the plaintiff was not present.　Conceding this to be so, we do not know that such evidence was expected to be elicited.　The declarations of Allen were not competent against the plaintiff, and therefore we think counsel should have disclosed what they expected to prove, or have framed the question so as to indicate on the face of the question its object and intent.　In other words, it should have been shown by the question or otherwise that the evidence sought to be obtained was both material and competent.　(*Jenks v. Knotts Mex. Sil. Mining Co.*, 58 Iowa, 549; *Mitchell v. Harcourt*, 62 Id., 349; *Votaw v. Diehl*, Id., 676.)

Other assignments of error are insisted upon, which it is not deemed essential should be specifically referred to.　They all, we think, are based on the thought, generally stated, that the verdict is against the evidence.　Such errors should be regarded as reasons why the verdict should have been for the defendant, and upon this branch of the case sufficient has been said in the first paragraph of this opinion.

AFFIRMED.