IN RE WILL OF J. W. TROTTER, Deceased, MARK TROTTER *et al.*, Proponents, v. RUFUS TROTTER *et al.*, Contestants, Appellants.

**Will Contests: COMPETENCY AND UNDUE INFLUENCE:** *When not jury question.*   Where all the evidence offered by the contestants to the probate of a will was to show that the terms of the will were unreasonable, and the question of mental competency and undue influence were not raised, such evidence was properly struck from the record, as the question whether a will was just or not was not in itself for the jury to determine, although such evidence might have been considered as bearing on the condition of testator's mind.

**Review of Exclusion of Testimony:** *No offer of proof made below.* Where, in a contested proceeding to probate a will, the question was asked, "What did he [testator] say about his grandson as his heir?"   As the question did not disclose the answer sought, and there was no offer of proof made, the court on appeal cannot say the exclusion was error.

*Appeal from Keokuk District Court.*—HON. W. G. CLEMENTS, Judge.

MONDAY, JUNE 2, 1902.

IN this proceeding the will of J. W. Trotter is contested.   At the close of the testimony for contestants the court directed a verdict sustaining the will, which was returned, and contestants appeal.—*Affirmed.*

*C. M. Brown, D. W. Hamilton,* and *Thomas Brown* for appellants.

*C. H. Mackey* and *G. D. Woodin* for appellees.

WATERMAN, J.—The will in question, after giving one-third of testator's estate to his wife in lieu of dower, bequeaths $1 to a son, Gilford D. Trotter, and a like amount

to a grandson, Rufus Trotter, and then gives all the residue of the estate to testator's other five children, naming them. The contest is made by the grandson, and, as stated in the argument of counsel for contestants, also by the son Gilford D. Many errors are assigned, of which only a few are argued. We think we have done our duty when we dispose of those which counsel consider important enough to discuss.

At the close of contestant's case the court, on motion of proponents, struck from the record all evidence introduced by the former, tending to show the will was unjust and unreasonable, and this action is excepted to, and the exception argued at some length. As the merits of that ruling are necessarily involved in the court's action ordering a verdict, we may properly take up the latter matter. In passing upon the trial court's right to direct a verdict we must give the party against whom it is rendered the benefit of all evidence introduced or offered which has a legal bearing on the case. Practically all the evidence offered was to show the terms of the will to be unreasonable. No attempt was made to impeach the mental competency of testator, and, if there was an offer of a fact tending to show undue influence, it does not clearly appear in the record, and counsel in argument make no mention of it. While the fact that a will is unreasonble or unjust may be considered in connection with evidence bearing on the condition of testator's mind, it is not alone a ground for refusing probate. *Webber v. Sullivan*, 58 Iowa, 260; *Muir v. Miller*, 72 Iowa, 585; *Denning v. Butcher*, 91 Iowa, 425-438; *Manatt v. Scott*, 106 Iowa, 203-216. Whether a will is just or unjust is not in and of itself a question for the jury, for a person has a legal right to make an unjust disposition of his property if he does so intelligently. Courts do not make wills for persons. When, upon investigation, they determine that an instrument is a will, it must be recognized as such, however unfair its provisions may be.

II.   Error is assigned upon the action of the court in ruling out the answers to many questions propounded to G. D. Trotter, a witness for contestants.   The rulings were numerous.   Nothing is said as to any particular instance, but the whole are grouped together, and in substance the assertion is made that all the rulings were erroneous. We do not regard this assignment as argued, if, indeed, it can be said to be specific enough to demand our attention.

III.   A witness for contestants was asked this question on direct examination:   "What did he [testator] say about this grandson as his heir?"   The answer was shut out on objection.   The question does not disclose what was sought to be proven, nor was any offer of proof made.   We cannot say the ruling was erroneous. *Jenks v. Mining Co.*, 58 Iowa, 549.

The judgment of the trial court was right, and it is AFFIRMED.