## INDIANA UNION TRACTION COMPANY *v.* OHNE.

[No. 6,729.    Filed October 27, 1909.    Rehearing denied January 5, 1910.    Transfer denied March 30, 1910.]

1. CARRIERS.—*Passengers.—Contributory Negligence.—Instructions. —Jury.*—An instruction that if the plaintiff received any of her alleged injuries by reason of the collision of two of defendant interurban railroad company's cars, while she was a passenger, and that if, at the time of the collision, she were seated and had nothing to do with causing the collision, she would not be guilty of contributory negligence, is not an invasion of the province of the jury, nor was it prejudicial to defendant. p. 634.

2. CARRIERS.—*Passengers.—Injuries.—Aggravation of, by Passengers.—Contributory Negligence.*—The subsequent aggravation of an injury received by a passenger because of the carrier's negligence does not constitute contributory negligence. p. 634.

3. CARRIERS.—*Passengers.—Injuries Exciting Predisposition to Disease.—Instructions.*—An instruction that if the plaintiff's predisposition to disease was developed exclusively by injuries negli-

gently inflicted by defendant interurban railroad company, while she was a passenger upon defendant's car, she is entitled to recover, is not harmful. p. 635.

4. TRIAL.—*Instructions.—Inapplicability.*—Instructions not applicable to the evidence should not be given. p. 635.

5. TRIAL.—*Instructions.—Duplication.*—An instruction requested, covered by one given, should be refused. p. 636.

6. CARRIERS.—*Passengers.—Accidental Injuries.*—A carrier is not liable for purely accidental injuries sustained by a passenger. p. 636.

7. CARRIERS.—*Passengers.—Injuries.—Wet Rails.*—Interurban railroads are bound to anticipate, and take precautions to avoid, the dangers due to wet tracks and climatic conditions. p. 636.

8. TRIAL.—*Instructions.—Argumentative.*—Argumentative instructions are properly refused. p. 637.

9. DAMAGES.—*Excessive —Negligence.*—A judgment for $4,000, in favor of a woman thirty-five years old, permanently injured in her health by the negligence of an interurban railroad company, while she was a passenger on its car, is not excessive. p. 637.

From Hendricks Circuit Court; *James L. Clark,* Judge.

Action by Mayme Ohne against the Indiana Union Traction Company. From a judgment for plaintiff, defendant appeals. *Affirmed.*

*James A. VanOsdol, W. A. Kittinger* and *Brill & Harvey,* for appellant.

*M. M. Bachelder,* for appellee.

RABB, J.—This appeal is from a judgment in favor of appellee, in an action brought by her to recover damages for personal injuries alleged to have been sustained by her, through the negligence of appellant.

The grounds relied upon for reversal are the action of the court below in giving to the jury, over appellant's objection, appellee's instructions six and eight, in·refusing to give instructions three, six, fifteen, twenty-one and twenty-five requested by appellant, in refusing to permit appellant to ask appellee, while testifying as a witness in her own behalf, whether on the former trial of this cause she had testified that down to the time of the accident, she was a healthy woman, and in refusing to permit appellant to ask

appellee's husband, while testifying in her behalf, as a witness upon the trial, whether on the evening of the accident she had requested that he go for a physician, and also that the damages assessed are excessive.

Instruction six, given by the court on appellee's motion, and over the objection of appellant, told the jury that if it should find from the evidence that plaintiff received any of the injuries, as alleged in her complaint, by reason of the collision between two of defendant's cars, while she was a passenger on one of them, and if it should further find that at the time of the collision appellee was sitting on a seat in said car, provided for the use of passengers, and had nothing to do with causing said collision, then it should find that plaintiff was not guilty of contributory negligence. It is contended that this instruction invaded the province of the jury, and that it was for the jury to determine whether appellee, under all the circumstances developed by the evidence, was guilty of contributory negligence. We think no harmful error was committed on this score. If the facts were as the instruction assumed them to be, appellee could have been guilty of no contributory negligence bringing about the accident alleged to have resulted in her injury; but it is insisted that while appellee may have been guilty of no negligence producing the injury, yet she may have been guilty of negligence subsequent to receiving the injury which had the effect of aggravating such injury.

Negligence of this character cannot properly be characterized as contributory negligence. Such aggravated injury is not a result the law contemplates will be brought about by contributing acts of negligence of plaintiff and defendant, but if such an aggravation of the injury takes place it must be from the independent negligence of plaintiff. Contributory negligence is a term that is properly applied to acts of negligence on the part of plaintiff that may have contributed to bring about the in-

jury complained of. *Louisville, etc., R. Co.* v. *Falvey* (1886), 104 Ind. 409; *City of Goshen* v. *England* (1889), 119 Ind. 368, 5 L. R. A. 253. The instruction was not harmful if not strictly correct.

Instruction eight told the jury that if plaintiff received the injuries or any part of them in the manner alleged in the complaint, and she was predisposed to any of the diseases of which she alleges in her complaint she is now suffering as a result of said injuries, but that she was otherwise in good health, and it finds that said injuries, or any of them, solely excited or developed said predisposition to disease, or "that thereby without the fault of plaintiff her present condition, whatever you may find it to be, has directly resulted, then I instruct you that plaintiff is entitled to recover the full extent of whatever you may find her present condition to be, if you find she is entitled to recover in this action." This instruction is scarcely intelligible, but if the jury could make any sense of it at all, it must have understood therefrom that for whatever damages appellee suffered on account of her then diseased condition, the development of which was due exclusively to injuries she received through the negligence complained of, she was entitled to recover, notwithstanding a predisposition to such diseases. The jury was clearly and correctly instructed as to the proper measure of damages, and could not have been misled by this involved instruction.

Instruction three requested by the appellant was not applicable to the evidence in the case, and while it correctly states an abstract proposition of law, instructions given by a court to a jury are intended to direct the mind of the jury to the precise issue or fact, which they are to determine, and not to deal in general elementary rules of law that have no application to the question the jury is to decide.

Instruction six, requested by appellant, so far as it was proper to be given, was covered by other instructions given

by the court. Instruction fifteen was as follows:

5. "If you find from the evidence in this case that, at the time of the injury complained of, defendant was running cars from the city of Indianapolis to Broad Ripple and White City; that the defendant's cars were in good condition; that there were no defects therein; that the car upon which plaintiff was riding was in good condition, and that the car which ran into said car upon which plaintiff was riding was also in good condition; that defendant's motorman on said car commenced turning off the power and applying the brakes about five hundred feet, or a distance sufficient to stop said car, before coming in contact with the car upon which plaintiff was a passenger, and at a distance of four or five hundred feet from said car upon which plaintiff was a passenger, and in which he afterward came in contact; that the track was down grade; that it was raining and the rails of the track slick; that the wheels of said car ceased to revolve on the application of the brake, and on account of the slickness of the track, by reason of the rainfall upon the rails of the track, the wheels slid upon said rails instead of revolving, and that such condition could not reasonably have been anticipated by defendant in time to prevent said car from running against the car ahead of it; that the same was purely accidental and not otherwise—then, in such case, plaintiff cannot recover in this action."

The jury was properly instructed that if plaintiff's injury resulted from a pure accident, then defendant was not guilty of negligence, and there could be no recovery.

6. So far as the residue of this instruction was concerned, it was properly refused. Defendant was not entitled to an instruction that it was not liable if the accident resulted because the rails were wet and the car slid.

All persons engaged as common carriers are bound

7. to anticipate such changes in weather conditions as are common to the climate or country in which the

service is carried on, and provide against them. *Cleveland, etc., R. Co.* v. *Heath* (1899), 22 Ind. App. 47.

The jury may well have found that defendant, by the exercise of the degree of diligence required of it, under the circumstances disclosed by the evidence, could have provided means to prevent the cars from skidding or sliding on the wet rails.

Instructions twenty-one and twenty-five, requested by defendant, each consisted of the marshaling of a number of facts, presumably appearing in the evidence, calling 8. the special attention of the jury to these items of evidence and informing the jurors that they could take these particular matters into consideration in the determination of certain facts involved in the issues, and were in the form of an argument by the court on behalf of the party these particular items of evidence enumerated would most favor. It possibly would not have been error had the court given the instructions as asked, but it certainly was proper to refuse them.

The question which appellant complains it was not permitted to ask appellee upon cross-examination, we find, after a tedious search of the record, to have been propounded and answered, and the same is true with reference to the question which appellant complains it was not permitted to ask appellee's husband on cross-examination.

We are asked to reverse the judgment because the damages are excessive. There was evidence from which the jury might have found that the genital organs of appellee were 9. injured as a result of the accident in question, to such an extent as permanently to affect her health, that otherwise she would have been a reasonably vigorous woman, and that she was thirty-five years of age. The jury allowed $4,000 as damages. The question of fixing damages is so exclusively for the jury that this court is not empowered to correct any mistake it may have made, unless we can say at

first blush that the verdict is so shockingly unjust that it must have been the result of mistake or prejudice on the part of the jury. This we are unable to say from the case made by the record. We find no reversible error in the record. Judgment affirmed.