Submitted on briefs July 10, affirmed July 25, 1916.

## THEILER v. TILLAMOOK COUNTY.*

(158 Pac. 804.   See, also, 75 Or. 214.)

**Damages—Duty to Reduce.**

1. A municipal corporation is not liable for such continuing damage from a culvert diverting water on to land as could have been avoided by the exercise of reasonable and ordinary diligence by the land owner in preventing it.

[As to right of municipality to drain water from highway on to adjoining land, see note in **Ann. Cas. 1912B, 915.**]

**Negligence—Contributory Negligence—Failure to Reduce Damages.**

2. The failure of plaintiff to reduce damages suffered by the exercise of reasonable care is not contributory negligence, which is such an act or omission on plaintiff's part amounting to an ordinary want of care as, concurring or co-operating with the negligent act of defendant, is the proximate cause or occasion of the injury complained of; while a failure to reduce damages does not preclude recovery, but merely affects the amount recoverable.

From Tillamook: GEORGE R. BAGLEY, Judge.

In Banc.   Statement by MR. JUSTICE BENSON.

This is an action by John Theiler against Tillamook County, for damages which plaintiff alleges resulted

---

*For cases passing on the question of measure of damages against municipality for injury to land by surface water, see note in 65 L. R. A. 284.                                                   REPORTER.

to his land by reason of the fact that the county constructed a bridge and culvert across a highway upon his premises in such a manner as to divert the waters of Munson Creek into a different channel, thereby damaging the soil.

Defendant's answer consists of denials. A trial being had, the jury returned a verdict for defendant, and, judgment being entered thereon, plaintiff appeals.

Submitted on briefs under the proviso of Supreme Court Rule 18: 117 Pac. xi.

AFFIRMED.

For appellant *Mr. Sidney S. Johnson* submitted a brief over his name.

For respondent there was a brief presented by *Mr. H. T. Botts* and *Mr. T. H. Goyne,* District Attorney.

MR. JUSTICE BENSON delivered the opinion of the court.

1, 2. There is but one question to be considered, and that is the action of the trial court in giving the following instruction:

"But you have a right to take into consideration any consequential damages. That is any damage that occurred from time to time continually by reason of the existence of the bridge, culvert and fill in their present location, provided you find that has been the proximate cause of the injury and the continuing damage. But you must also, if you find from the evidence that the plaintiff has not exercised reasonable and ordinary diligence in protecting himself against the continuing damage, eliminate the consequential or additional or continuing damage which he might have suffered, provided you find that he could by the exercise of reasonable diligence and expenditure of a

reasonable sum of money have prevented any further or additional damage to his premises after the first damage has occurred.   In explanation of that: If the water rushed through there, and he knew nothing about it, and did not expect it, and could not expect it, and his land was damaged by high water in consequence of the construction of this bridge, fill and culvert, then after that, if he could by exercise of reasonable diligence and expenditure of a reasonable sum of money prevent it, and did not do that, then he cannot recover for the continuing damage occurring after the original damage; that is to say, if he by his carelessness allowed the damage to be augmented and increase the loss, it falls upon himself, and prevents the recovery of additional damages from the county.''

Plaintiff contends that this is error, for the reason that it submits to the jury an issue of contributory negligence when there is nothing of the sort pleaded in the answer.   If counsel were correct in his contention that this instruction discusses the question of contributory negligence, his position would be unassailable, and his citations of authority would be apropos: but he misconceives the true meaning of the phrase ''contributory negligence,'' which has been well defined to be ''such an act or omission on the part of plaintiff amounting to an ordinary want of care as, concurring or co-operating with the negligent act of defendant, is the proximate cause or occasion of the injury complained of.''   There is nothing in the instruction which bears any relation to such a state of facts.   On the contrary, it relates exclusively to continuing damages arising after the commission of the alleged wrongful act; it does not preclude the plaintiff from recovering, but advises the jury as to conditions under which the damages should be mitigated.   As is well said in *City of Waxahachie* v. *Connor* (Tex. Civ. App.), 35 S. W. 692:

"Where the consequences of defendant's negligence have subsequently been aggravated by the want of ordinary care, or by the neglect of the plaintiff, this may go in mitigation of damages, but it cannot defeat plaintiff's right to recover for the wrongs for which the defendant is responsible. * * It seems upon principle and from the authorities cited that the aggravation of the injury by such neglect is simply evidence which goes to lessen or mitigate the damages. No case can be found holding that it is necessary for the defendant to plead such evidence in order to avail himself of it."

The rule applicable to this case is quite clearly stated in 1 Sedgwick on Damages (8 ed.), Section 204, which says:

"The application of the doctrine of contributory negligence and of that of avoidable consequences often produce results that closely resemble each other; but there is a distinction between the two. Contributory negligence defeats the action itself. The rule of avoidable consequences can never produce this result, as it cannot be applied until a cause of action, which in any event will entitle the party injured to nominal damages, has arisen. (b) The rule therefore is really a rule of limitation upon the plaintiff's recovery. Nor is it properly to be regarded as a species of mitigation of damages. This relates to the defendant, and generally to the character of his acts; e. g., that a tort was not malicious; that, after committing a trespass, he repaired the wrong as far as possible. But a reduction of the plaintiff's damages by any such particulars as flow from his own imprudent act, or omission to act after the wrong has been committed, constitute a distinct class of remote damages in the strict sense of the word; of damages which flow from the illegal act, but for which the law gives no redress."

We conclude, therefore, that there is no error in the instruction of which complaint is made, and the judgment is affirmed.    AFFIRMED.

MR. JUSTICE EAKIN absent.