[Civ. No. 8809. Second Appellate District, Division One.—February 1, 1935.]

MARGARETTA CHAUVIN, Respondent, v. NATHAN KRUPIN et al., Appellants.

Raphael Dechter for Appellants.

A. H. Mauer for Respondent.

SHINN, J., *pro tem.* — Plaintiff recovered judgment against defendants Krupin, proprietors of a beauty parlor, on account of a burn inflicted upon her scalp while she was

receiving a so-called beauty treatment known as a permanent wave. Defendants appeal and urge as the sole ground for reversal of the judgment that the specific allegations of negligence charged in the complaint were not proved, and that plaintiff was erroneously allowed to recover under the doctrine of *res ipsa loquitur,* after an amendment of the complaint made at the time of a motion for nonsuit. In discussing this point it will be necessary to make reference to the process used by defendants in placing waves in plaintiff's hair.

The curling of the hair was accomplished by means of electrically heated curlers attached to locks of hair, and separated from the scalp by protecting devices which are supposed to keep a space of one and one-quarter inches between the heater and the scalp. During the process plaintiff experienced a burning sensation at a particular point upon her head. She complained to defendant Nathan Krupin and he put some cotton at the place indicated. It developed later that plaintiff had received a severe burn during the operation.

The original complaint alleged the employment of defendants, their undertaking the work of curling plaintiff's hair, and that the defendants negligently failed to fix or adjust the curling devices so as to protect plaintiff's head, but fixed, adjusted and attached the same so as to permit and cause the same to burn the plaintiff; that they negligently performed their services in the manner of their use of the devices employed, and negligently used and manipulated the same and the heating elements thereof, and failed to protect plaintiff's head from the heating devices so that the same were caused to and did burn plaintiff's hair and head. At the close of plaintiff's case a motion for nonsuit was made, upon the ground that the complaint alleged specific acts of negligence which had not been proved, and that plaintiff was not entitled to rely upon the doctrine of *res ipsa loquitur.* The court allowed an amendment of the complaint, which was made by striking out certain of the particular allegations of the complaint and stating the negligence in more general terms than the original complaint had done.

Appellants rely upon the rule that where specific acts of negligence are alleged and there is no charge of

negligence in general terms, plaintiff can recover only upon proof of the specific acts charged and not under the doctrine of *res ipsa loquitur,* citing *Connor* v. *Atchison etc. Ry. Co.,* 189 Cal. 1 [207 Pac. 378, 26 A. L. R. 1462], *Marovich* v. *Central California T. Co.,* 191 Cal. 295 [216 Pac. 595], and *Jianou* v. *Pickwick Stages System,* 111 Cal. App. 756 [296 Pac. 108]. The rule cannot properly be applied to the facts of this case.

The original complaint charged negligence in general terms. Plaintiff alleged generally the acts performed by defendants in the course of their work, namely, the adjustment of the heater to the head, the use and manipulation of the heater, and the failure to protect plaintiff sufficiently against contact therewith. These acts constituted the entire operation undertaken by defendants in which plaintiff might have received her injuries, and they were all charged to have been done in a negligent manner. Under the original complaint, plaintiff was entitled to describe, as she did in her testimony, the acts of the defendants in the course of their work. She was not required under these allegations, nor did she undertake to attribute the injury to any specific act of either defendant; nor did she attempt to explain how it occurred. Both the complaint and the testimony of plaintiff clearly show that she did not know, or claim to know, the particulars in which defendants acted negligently, whether in the placing of the heater upon her head, its use or manipulation, or the inadequate protection provided against injury from burns.

Where specific acts of negligence are alleged, plaintiff is entitled to the benefit of the *res ipsa loquitur* doctrine if the acts proved are such as to raise a presumption of negligence. (*Lippert* v. *Pacific Sugar Corp.,* 33 Cal. App. 198 [164 Pac. 810]; *Atkinson* v. *United Railroads of San Francisco,* 71 Cal. App. 82 [234 Pac. 863].)

Plaintiff was allowed to amend her complaint by alleging negligence in somewhat more general language. The original complaint undoubtedly was sufficient without amendment, to allow the introduction of plaintiff's evidence from which a presumption of negligence necessarily arose. Had this not been the case, the amendment of the complaint was properly allowed and would have answered the objections made to the sufficiency of the evidence received under

the original complaint. No prejudice to the defendants is claimed by reason of the allowance of the amendment. They went to trial fully advised of the charge that each and all of their several acts were negligently done and had ample opportunity to prove the contrary.

It is a case in which the application of the *res ipsa loquitur* doctrine is eminently just and proper. The devices used in the process were under the exclusive control of the defendants. The injury was one which in the natural course of things would not have occurred had defendants used due care, and plaintiff was therefore entitled to recover, unless the defendants offered a satisfactory explanation to overcome the presumptive evidence of their negligence. This they failed to do. Their testimony, in effect, was that their work was done so carefully that it would have been impossible for plaintiff to have sustained the injury claimed. No attempt was made, however, to account for the fact that when the operation was finished plaintiff was suffering from a severe burn. The attempted explanations of defendants were not satisfactory to the trial court, and the finding of negligence is amply supported by the evidence.

The pleadings and evidence are sufficient to support the findings and judgment, and it is therefore affirmed.

Houser, Acting P. J., and York, J., concurred.