ROBERT D. WELLMAN, appellant, v. HAWKEYE-SECURITY INSURANCE COMPANY, appellee.

PAUL E. HODGSON, sheriff of Hardin County and receiver of properties of Dale Reisinger, intervenor-appellant, v. HAWKEYE-SECURITY INSURANCE COMPANY, appellee.

No. 49534.

(Reported in 94 N.W.2d 761)

592

Lundy, Butler, Lundy & Wilson, of Eldora, for intervenor-appellant.

Smedal, Maurer & Seiser, of Ames, and Boardman, Cartwright & Druker, of Marshalltown, for appellee.

OLIVER, J.—Plaintiff Wellman started this case as an action at law under chapter 516, Code of Iowa, 1954 (1958), claiming $95,000, plus interest and costs, from defendant, Insurance Company, upon a policy of liability insurance issued by it to Dale Reisinger, against whom plaintiff was the holder of a judgment for that amount, for injuries plaintiff suffered in a collision, with Reisinger's insured motor vehicle, upon which judgment execution had been returned wholly unsatisfied. Thereafter a petition of intervention against defendant, Insurance Company, was filed by Paul E. Hodgson, county sheriff, as receiver of the properties of the judgment debtor, Reisinger.

Division I of the petition of intervention alleged defendant, Insurance Company, insured Reisinger for $25,000; plaintiff was injured in the automobile collision; plaintiff sued Reisinger and defendant assumed control of the defense; trial to a jury resulted in the $95,000 unsatisfied judgment against Reisinger; defendant concluded not to appeal and tendered into court $25,714.67, thus precluding appeal by Reisinger; defendant was guilty of negligence and bad faith in the matter of the defense and settlement of the claim and suit; Reisinger was damaged $95,000 by the judgment, was rendered insolvent and suffered emotional stress, mental pain and anguish to his damage in the sum of $50,000, for which amounts, plus $70,000 exemplary damages, intervenor prayed judgment.

Division II pleaded also, in part, that defendant negligently and in bad faith refused compromise offers of settlement of the personal injury claim and action, for $25,000, failed to communicate one such offer to the insured, and failed to properly defend the action.

Division III of the petition of intervention contained similar allegations and stated also that intervenor relied upon the doctrine of res ipsa loquitur. The trial court sustained a motion by defendant to strike Division III on the ground the doctrine of res ipsa loquitur was not applicable under the circumstances pleaded. Plaintiff and intervenor have appealed from this order.

I. We conclude this order was correct. Eaves v. City of Ottumwa, 240 Iowa 956, 969, 970, 38 N.W.2d 761, 769, 11 A. L. R.2d 1164, thus states the rule:

"Under this doctrine, where injury occurs by instrumentalities under the exclusive control and management of defendant and the occurrence is such as in the ordinary course of things would not happen if reasonable care had been used, the happening of the injury permits but does not compel an inference that defendant was negligent. See Orr v. Des Moines Elec. L. Co., 207 Iowa 1149, 1154, 222 N.W. 560; Sutcliffe v. Fort Dodge Gas & Elec. Co., supra, 218 Iowa 1386, 1394, 257 N.W. 406; Pearson v. Butts, supra, 224 Iowa 376, 380, 276 N.W. 65; Highland Golf Club v. Sinclair Refining Co., 8 Cir., Iowa, 59 F. Supp. 911, 915 (Judge Graven); annotations 53 A. L. R. 1494, 167 A. L. R. 658, 665; 38 Am. Jur., Negligence, section 295.

"The res ipsa rule should not be confused with the proposition that negligence, like other facts, may be proven by circumstantial evidence. Existence of circumstantial evidence of negligence in a particular case does not mean the res ipsa doctrine is applicable in that case. Nor does rejection of such doctrine in a given case mean that negligence may not be established in that case by circumstantial evidence.

"In considering the applicability of res ipsa loquitur, the question whether the particular occurrence is such as would not happen if reasonable care had been used rests on common experience and not at all on evidence in the particular case that tends in itself to show such occurrence was in fact the result of negligence. [Citations]."

In this case the injury and damage to the insured, pleaded by intervenor, stem from the $95,000 judgment against the insured, which exceeded the $25,000 limit of defendant's liability as shown on the face of its policy. However, the facts

alleged do not indicate that the instrumentalities causing this were under the exclusive management and control of defendants. In truth, they negative this. Defendant had charge of the defense, only, of the claim against insured. Obviously it did not have exclusive management and control of the instrumentalities causing the judgment. Nor can it be said that, in the ordinary course of things, judgments for damages in excess of the limit of liability policies would not be secured in the absence of negligence of the insurer in defending and settling the claim against insured. Hence, it appears that neither of the two elements essential for res ipsa loquitur is present.

II. Defendant has appealed from the order overruling its motion to strike the petition of intervention filed by the receiver for Reisinger's property. Plaintiff Wellman's action against defendant, Insurance Company, was instituted June 11, 1957. In its amended and substituted answer to plaintiff's petition, filed January 13, 1958, defendant pleaded, "that on June 12, 1957, it deposited with and paid into the clerk of the above entitled [trial] court, the sum of $25,714.67, the same representing the sum of $25,000.00, being the face of said policy referred to, plus interest at five per cent on said sum from March 27, 1957, the date when the jury returned said verdict above identified, together with taxable court costs made in said cause. That by reason of such payment, that this defendant has fully discharged its liability in this instant action and which, as alleged by plaintiff in his petition, is brought against this defendant by virtue of the provisions of chapter 516 of the 1954 Code of Iowa."

The receiver's petition of intervention filed in this case January 23, 1958, alleged in part, that defendant, in disregard of Reisinger's rights, "concluded not to appeal said case and tendered into court on the 12th day of June, 1957, in the case * * * the sum of $25,714.67, thus precluding appeal by the said Reisinger, which sum now remains in the hands of the clerk of court." Intervenor prayed that said $25,714.67 now in the hands of the clerk be condemned to apply upon the judgment prayed by intervenor.

An Amendment to Petition of Intervention, filed March 29, 1958, states:

"Division I.

"11th. That the Defendant, by and through its agent and representative, one Zeman, tendered said $25,714.67 by delivering to Fred L. Miller, Clerk of the District Court of Hardin County, Iowa, a check therefor demanding and causing to be entered a docket entry as follows:

" 'June 12, 1957. Received draft #224302 in the amount of Twenty-five thousand seven hundred fourteen and 67/100 Dollars, same having been tendered by the Hawkeye-Security Insurance Company of Des Moines, Iowa, In Re the above entitled case, Robert D. Wellman vs. Dale Reisinger, #55–267.

(signed) Fred L. Miller

Clerk, District Court

Hardin Co. Ia.'

and the said sum has never been applied on or against said judgment of the said Wellman against the said Reisinger."

This is repeated in Divisions II, III and IV of the amendment.

III. Plaintiff's petition demanded of defendant-insurer the amount of plaintiff's $95,000 judgment against Reisinger, with interest and costs. The petition made reference to chapter 516, Code of Iowa, 1954 (1958), which provides that when an execution on a judgment against the insured, in such a case, is returned unsatisfied, the judgment creditor shall have a right of action against the insurer to the same extent that the insured could have enforced his claim against such insurer had such insured paid such judgment.

The day after the petition was filed defendant-insurer delivered its draft to the clerk and allegedly caused the docket entry to be made:

" 'June 12, 1957. Received draft #224302 in the amount of Twenty-five thousand seven hundred fourteen and 67/100 Dollars, same having been tendered by the Hawkeye-Security Insurance Company of Des Moines, Iowa, In Re the above entitled case, Robert D. Wellman vs. Dale Reisinger, #55–267.

(signed) Fred L. Miller

Clerk, District Court

Hardin Co. Ia.' "

In argument defendant states: "The clerk received the money and continues to hold it, but apparently, for some unknown reason, has failed to go through the process of applying the payment on the judgment."

The docket entry does not state that the money delivered to the clerk of the district court by the stranger to the judgment, in connection with what is referred to as a tender, shall be applied on the judgment. Nor does it state how the clerk shall handle it. The language of the entry is unusual and unclear. The pleadings afford no apparent support for defendant's contention that the clerk "failed to do that which the law requires of him." Under the circumstances it will be presumed the clerk properly performed his duties in that connection. School District of Soldier Township v. Moeller, 247 Iowa 239, 244, 245, 73 N.W.2d 43, and citations; Quaas v. Quaas, 250 Iowa 24, 33, 92 N.W.2d 427, 432. Hence, the pleadings indicate, not only that plaintiff's judgment was wholly unsatisfied when this action was instituted against the insurer, but also that it remained in that condition.

IV.   One of defendant's assignments of error states:

"The court erred in holding, in effect, that a petition of intervention may properly be filed and urged in a case in which the plaintiff's petition must fall, as shown by the face of the pleadings."

This is based upon the premise that the delivery by defendant of the draft for $25,714.67 to the clerk of the district court, as above-stated, satisfied the part of the judgment against Reisinger for which recovery by plaintiff from defendant might have been secured under chapter 516 of the Code, and left plaintiff no right of recovery.

We have already pointed out that this premise is not well founded. Hence, there is no factual basis for this assignment of error. This conclusion should not be interpreted as intimating it is correct from a legal standpoint.

V.   Defendant contends the receiver had no right to intervene in the action commenced by the judgment creditor and had no right to litigate and attempt to reduce to judgment various choses in action for damages on behalf of the judgment

debtor. Error is assigned to the order of the trial court over-ruling these contentions. We hold the order was not erroneous.

The receiver for Reisinger's property was appointed by the court under the provisions of Code section 630.7. The report of the receiver indicated that Reisinger's claim against defendant-insurer was his only asset out of which a substantial amount might be realized. The court authorized and directed the receiver to intervene in the action brought by Wellman against the insurer (see R. C. P. 75) or to institute an independent action. We are satisfied this was a proper case for intervention and that the order was correct.

As stated in 39 Am. Jur., Parties, section 57: "Courts look with favor upon intervention in proper cases. It is a convenient and appropriate method of settling in one action controversies relating to the same matter, * * *."

In re Incorporation of Town of Waconia, 248 Iowa 863, 869, 82 N.W.2d 762, 765, states: "Intervention is remedial and should be liberally construed to the end that litigation may be reduced and more expeditiously determined."

Of course, the assets of the debtor, taken over by the receiver, are held by him as an officer of the court for those eventually proven entitled to them. 75 C. J. S., Receivers, section 103.

The orders of the trial court appealed from are affirmed. The costs upon appeal are ordered taxed one half to intervenor and one half to defendant.—Affirmed on both appeals.

All Justices concur.